| 71 | 529 |
|----|-----|
| 79 | 275 |
| 71 | 529 |
| 81 | 44 |
| 71 | 529 |
| 83 | 388 |

No. 2519.

## J. H. BAINES *v.* ULLMANN, LEWIS & CO.

**1. ATTACHMENT.**—An attachment was sued out upon the alleged ground that the defendant, a retail merchant, had disposed of part of his stock with intent to defraud his creditors. After the seizure of the stock a motion was filed to quash the writ for irregularity in the proceedings. While the motion was pending the plaintiffs made a second affidavit and bond for attachment, and had a second writ issued which was levied upon the same goods, still in the custody of the sheriff. In reconvention for damages for illegal seizure, etc. *Held,*

(1) If the ground of attachment existed it was continuing, and the second writ could not be held as without grounds or wrongful.

(2) Had the first writ been quashed the costs of the proceedings under it should have been taxed against the plaintiff.

**2. CHARGE—FULL PROOF—SATISFACTORY PROOF.**—Where a charge indicates the necessity of "full proof" and it appears that by that term was meant that the jury must be satisfied in their minds of the existence of the fact, such charge was erroneous in requiring more than a preponderance in the testimony as the grounds of the verdict.

**3. CHARGE ON WEIGHT OF EVIDENCE.**—A charge which intimates to the jury that the testimony of a party to the suit might not be sufficient to warrant a finding upon it if it appeared that he could have brought other testimony to the fact, is improper as upon the weight of evidence.

**4. CONSENT TO AN ATTACHMENT.**—In reply to the claim for damages for wrongfully suing out and levying the attachments, the plaintiff offered evidence tending to show consent on part of defendant to the first attachment. *Held,* that such consent, if made, would apply to a second writ issued on account of the irregularity in the first.

34

APPEAL from Shelby.    Tried below before Hon. James I. Perkins.

This is an appeal from a judgment against Barnes, the appellant, for eight hundred and fifty-four dollars and nine cents, with foreclosure of attachment lien upon merchandise seized, and in favor of Ullmann, Lewis & Co.

Suit was filed October 27, 1886.    Affidavit was made for attachment on ground that defendant had disposed of his property in part, with intent to defraud his creditors.    The attachment was levied October 28.    Motion to quash the attachment was filed November 12, 1886, upon grounds well taken.    November 20, 1886, another affidavit and bond were filed, regular in form, upon which a second attachment was issued, which was levied upon the same goods, still in the possession of the sheriff.

Appellant, May 12, 1887, filed his amended original answer, presenting a general denial and a plea in reconvention for damages for the alleged wrongful suing out of the attachment, and claiming five thousand dollars actual and fifteen thousand dollars exemplary damages.

Appellees filed supplemental petition denying the allegations in the reconvention, and alleging that Barnes had induced, encouraged and agreed to the issuance of the attachment.

The additional facts necessary are stated in the opinion.

*E. B. Wheeler* and *Drury Field*, for appellant: If there was cause for the first, none appears for the second, and it was wanton, without cause, and oppressive to the defendant.    Damages should have been allowed him for this wrong committed against him without legal cause, and the court should have instructed the jury as to the legal effect of suing out this second writ.

The second affidavit does not sustain or support the plaintiffs' attachment, because it appears from the evidence in the cause and the plaintiffs' pleading that their petition was filed and levy made under the writ of attachment twenty days before the affidavit for attachment appearing in the record was filed.

The first attachment was issued and appellant's goods taken from his possession on the twenty-eighth day of October, 1886, and his business house closed up on that day and he kept out of the possession of the same until the twentieth or twenty-fifth of

November following, by reason of appellees suing out and seizing the goods under an original attachment. About twenty days after the original attachment was sued out plaintiffs sued out their second attachment and levied it upon the same goods seized under the original and first attachment. The bond and affidavit for second attachment was filed November twentieth, 1886.

Both attachments would not have been authorized in law in this cause under the facts proved, consequently there was error in the ruling of the court refusing the instruction asked.

The cost of either the first or last writ should have been taxed against the appellee.

There was error in the court's charge to the jury in not instructing them that if the first writ was obtained by the consent of appellant, there was no evidence of consent given by appellant to warrant the second attachment sued out by plaintiffs and levied upon the property of appellant. Said charge treated the case as if the fact of consent existed when the second attachment was sued out by plaintiffs.

It was error in the charge of the court to have instructed the jury as it did. That if the appellant consented to the suing out of the attachment that he could not afterwards complain. Inasmuch as there were two attachments sued out by plaintiffs against defendant for same debt more than one month apart, the charge was misleading, because the jury were not so instructed that they could know to which attachment he instruction applied.

This charge is palpably wrong, because the court tells the jury that if appellant consented to the suing out of the first attachment, then he could not recover any damages whatever.

This part of the charge objected to in this assignment is erroneous on elementary principles, because a wrongful and illegal act in itself can not, by consent of the injured person, excuse the unlawful act and protect the violator of law from the consequences of his wrongful act.

There was error in the charge to the jury, "That additional evidence to that of defendant was required to establish the fact that the sale of goods made to Mary E. Baines was made in good faith to pay an honest debt by him." This charge is objectionable because it was a statement to the jury in disparagement of the weight and effect of the evidence of J. H. Baines in regard

to the goods sold to his former wife, Mary E. Baines, the language of the court was a charge on the weight of the evidence and was misleading to the jury. The weight of J. H. Baines's evidence on the subject mentioned was for the jury, and should have been left undisparaged by any remark from the court, and the language of the court as to J. H. Baines's evidence as to the sale of the goods sold to Mary E. Baines was a direct charge on the weight of Baines's evidence.

Revised Statutes, art. 1317; Dwyer v. Bassett, 63 Texas, 277; in this case the judge delivering the opinion said: "This charge is a charge on the weight of evidence, and directed against the defendant himself as a witness and for the purpose of bringing discredit upon his statement." The case is in point with the one discussed in this brief, the language of the judge in the charge in this case is an attack upon the weight and sufficiency of Baines's evidence to establish the fact deposed to by him, bringing this case clearly within the authority above cited, showing the charge to be erroneous. (Railroad v. Christman, 65 Texas, 374, 375.)

The court committed a reversible error in telling the jury "without proof of actual damage there could be no recovery of vindictive damages." To every willful and malicious act against another the law gives nominal damages, for the law presumes some damage to result from every wrongful, illegal act. (Culbertson v. Cabeen, 29 Texas, 255; Carothers v. McIlhenny Co., 63 Texas, 141.)

It is a legal principle settled by adjudication of this court that a witness in his own case testifying to a fact uncontroverted as to such fact by other evidence, that it can not be disregarded by the court and jury, whether they believe it true or not. (McAfee v. Roberson, 41 Texas, 355.)

The property being in custodia legis was not subject to the last seizure for plaintiffs, and his last seizure was void as against appellant.

When the last attachment was issued and levied all of defendant's property, including that under first attachment, was in the hands of the sheriff unreplevied by virtue of the attachments for other attaching creditors of appellant.

Myer v. Oliver, 61 Texas, 584–586, top of page, the court says: "So long as the goods were in the possession of the marshal they were not subject to seizure for rent." (LeGierse & Co. v. Pierce, 2 W. & W. C. C., 89.)

*Davis & Lucky,* for appellees, cited Biering v. First National Bank of Galveston, 69 Texas, 599; Moss v. Katz & Mayer, Id., 411; Dwyer v. Bassett & Bassett, 63 Texas, 277; Story's Equity Jurisprudence, twelfth edition, page 781, section 1546.

*Robert G. Street,* also for appellees:  Whether or not errors were committed in the court below in the charges given or refused, no testimony offered by the defendant having been excluded and none received for the plaintiffs excepted to, as the evidence would not have sustained any other verdict than that rendered, and it thus appearing that the substantial justice of the case has been reached, the judgment will not be disturbed. (Autrey v. Cannon, 11 Texas, 110; Wofford v. Thompson, 8 Texas, 222; Mercer v. Hall, 2 Texas, 284; Jones v. Thompson, 14 Texas, 463; Devine v. Martin, 15 Texas, 25.)

The attachment was rightly sued out:

1.  By consent.

2.  On account of the fraudulent transfer to Mrs. Baines.

But it devolved on Baines to show that it was wrongfully sued out.  This he has attempted to do by his unsupported testimony.

On the issue of consent, Mr. Truitt, then Baines's attorney in anticipated litigation with Mensing Brothers & Co., and Mr. Pitziker both testify clearly that Baines did agree, and that he signed the memorandum of account for the purpose of enabling them to swear to the amount.

Baines's own testimony leaves the impression that he was trying to induce the plaintiffs to attach for the purpose of getting up a damage suit against them; that with this aim he sought to create the impression of his consent, intending all the time to swear that, "tho' consenting, he ne'er consented." His testimony with respect to the shipment of goods to Mrs. Baines, merely that he owed her the money and shipped her one thousand dollars worth of goods in payment, is not reasonably sufficient to satisfy the mind of its truth, and a verdict based upon it, in view of the other evidence, would have been set aside by this court.  At the time of this shipment he told Mr. Truitt and Mr. Garrison that he was already ruined.  They contradict him on this point.  His credibility was at stake, and by the verdict of his neighbors he stands pilloried in the forum of public justice and opinion.

The testimony of Mr. Ullmann, one of the plaintiffs, in striking

contrast to that of Baines, is full, fair and free on every point within his knowledge. He does not say merely that they had no purpose of oppression or of embroiling themselves even in doubtful litigation, but also that he personally superintended this matter in his office at Galveston, writing or dictating every letter and dispatch sent or received with reference to it, and he produces them. They tell their own story—it is that of careful and conservative merchants, with an absence of all personal feeling and a reluctance to engage in litigation except upon the clearest justification.

STAYTON, CHIEF JUSTICE. The appellees brought an action for debt against appellant and sued out a writ of attachment, based on an affidavit that he had disposed of a part of his property with intent to defraud his creditors.

The attachment was levied on a stock of goods which were in the custody of the sheriff when appellant filed a motion to quash the attachment on account of an informality which would have been fatal to the validity of the writ; but, before that motion was acted upon, the appellees filed an affidavit for attachment setting up the same grounds alleged in the first, executed the proper bond, and obtained another writ which the sheriff levied on the same goods seized under the first writ.

The defendant admitted the justice of the debt sued for, but, in reconvention sought to recover damages on the ground that the writ of attachment was wrongfully sued out.

There was a judgment for the plaintiffs for the amount of the debt sued for and against the defendant on his plea in reconvention.

It is claimed that the levy of the first or second writ of attachment was necessarily wrongful, without reference to whether the ground made the basis for attachment existed, and that the court should have so instructed the jury.

If the ground for attachment existed, when the first attachment issued, it was one in its nature continuing, and neither writ could be said to have been wrongfully sued out.

The first, on account of a clerical inaccuracy, would have been quashed, but this did not make the suing out of the writ wrongful or destroy the ground made the basis for the second writ. Had there been a judgment in favor of the appellant on his plea in reconvention, in estimating the damages to which he would have been entitled, so far as this would be affected by

date of seizure, the first seizure, it would seem, ought to be looked to.

On a question of costs, all costs incurred in reference to the first writ had it been quashed would doubtless have been taxed against the parties suing it out, but no question of that kind arises on the record before us.

It appeared that immediately before the action was instituted the appellant, who was a retail merchant, sold to Mary E. Baines goods amounting in value to about one thousand dollars, and it was claimed by appellees that this sale was made with intent to defraud creditors.

Appellant, however, testified that Mary E. Baines had formerly been his wife, from whom he had been divorced, and that he had become, and was, indebted to her on a settlement of their property rights in a sum as large or larger than the value of the goods sold by him to her, and that the goods were in good faith sold to her in settlement of so much of the debt due to her.

There was no evidence tending to show that the testimony of the appellant, in this respect was not true, but no other witness was called to prove his indebtedness to his former wife at the time of the sale of the goods, though there was another witness who testified to an indebtedness from him to his former wife, amounting to more than the value of the goods sold, and existing about three years before the trial of this cause.

So standing the evidence as to the real consideration for the sale of goods claimed by appellees to have been made fraudulently, the court below gave the following charge:

"In passing upon the issue of whether the alleged debt to Mary E. Baines was real, honest and pre-existing, and whether the act of the defendant in disposing of his goods in payment of the same was in good faith or otherwise, the jury are authorized to consider the nature of said facts with reference to their susceptibility of full proof or the contrary, and the opportunities and facilities, or want of them, of the defendant to establish said facts, if true, by evidence other than and in addition to his own statement; as also they may consider all the circumstances surrounding the transaction and the testimony of the defendant in relation thereto. And if, upon a full and fair consideration of all the circumstances, they are not satisfied that the defendant disposed of his said property in good

faith in payment of a real debt, and with no intent to defraud his creditors, they will find for the plaintiff on this issue."

The giving of this charge is assigned as error. In cases in which the inquiry is whether a transaction was fraudulent, a jury may doubtless look to all the direct and circumstantial evidence before them for the purpose of ascertaining the truth, and, if a party seems to rely on proof, weak in its nature, when the surroundings indicate that evidence is easily accessible to him, by which an act suspicious in its surrounding may be clearly shown to have been honest and in good faith, there is no doubt that a jury may take into consideration the fact that such evidence is not produced. The charge complained of, however, did not leave the jury to do this without any intimation as to the weight to be given to the evidence before them. There is nothing in the question to which the charge relates which denies to the testimony of one witness the capacity to make *full proof* of the existence or non existence of a debt, and if the jury believed the testimony of the appellant, they could not doubt that he was indebted to his former wife as stated by him.

In cases of this kind a jury must be governed by the preponderance of the evidence, and it is not clear what was meant in the charge by *full proof,* but from another part of the charge complained of the jury were authorized to believe that only such proof as might satisfy the minds of the jury could be considered *full proof.* Thus used, the terms "full proof" and proof "satisfactory" would be understood by a jury to mean a higher degree of weight of evidence than a preponderance.

The charge was an intimation to the jury that the testimony of the appellant alone would not be sufficient to authorize a verdict in his favor; if, from the nature of the facts to be proved, it appeared to the jury that he might have brought other testimony to prove the same facts. We think such a charge violated the statute which prohibits a judge to charge upon the weight of evidence. A charge somewhat like this was given in Cox v. Shropshire (25 Texas, 117), which involved a question of fraudulent conveyance of property, but in that case there was no proof whatever made of consideration for the conveyance claimed to be fraudulent, and the court simply informed the jury that absence of proof, when it was in the power of the party who needed it to offer it, was a fact the jury might consider. The charge in that case was not upon

the weight of evidence, but was a declaration that a failure to produce any evidence of a fact showing an honest transaction, when the party needing such evidence had it in his power to produce it if it existed, was a fact to which a jury might look.

There is another part of the charge complained of that is erroneous, in that it required the jury to be *satisfied* that the appellant sold the goods to his former wife, which were claimed to have been fraudulently conveyed in payment of a debt really due to her, and with no intent to defraud his other creditors, or otherwise to find for the appellees.

It was not necessary that the evidence should have been sufficient to *satisfy* the jury of the facts, in order to entitle appellant to a verdict, for he would have been entitled to this if upon a consideration of all the evidence the jury had been of the opinion that the facts necessary to a recovery by him were established by a preponderance of the evidence.

Evidence is said to satisfy the mind when it is such as frees the mind from doubt, suspense or uncertainty. The jury may have believed that the evidence preponderated in favor of the existence of the facts, which would make the sale of goods by appellant to his former wife valid against other creditors, yet, under the charge, the jury would have felt bound to render a verdict against him if their minds were not freed from doubt and uncertainty by the evidence.

The other assignments of error relating to the giving of charges upon the matter of exemplary damages and to supposed omissions in the charges given, in view of the disposition that was made of the case by the verdict of the jury, are not to be considered.

One of the defenses urged to the plea in reconvention was that the writs of attachment were sued out with the consent, if not at the request, of appellant, and there was evidence tending to show that this was true.

The evidence, however, showed that what was done in this respect was done before the first attachment was sued out, and it is now insisted that evidence of that character did not authorize the court to submit to the jury whether the second attachment was sued out with consent of appellant.

If the appellant consented that his goods should be attached, or requested that this should be done, it ought to be understood that he consented an attachment should be made that would

hold the goods, and if the first was informal, that the informality might be cured by the second.

His plea in reconvention was not filed until after the second writ of attachment was levied, and under the facts the evidence tended to prove, we are of opinion, that the court below did not err in submitting to the jury whether the appellant consented the attachments should be levied.

The charges requested by appellant and refused ought not to have been given in the unqualified terms asked.

On account of the errors noticed, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 23, 1888.