Charles Pace et al. v. American Freehold Land and Mortgage Company, of London, Limited.

Decided December 1, 1897.

**1. Degree of Proof—Reformation of Instrument—Reasonable Doubt.**

It is not proper in any controversy of a civil nature in this State to require either party to establish the issues raised beyond a reasonable doubt. See charge requiring such degree of proof for reformation of a deed of trust held erroneous.

**2. Charge of Court—Failure to Submit Issue—Request.**

A failure to submit an issue properly raised, the charge being correct as far as it goes, is not cause for reversal unless instructions submitting such issue were requested.

**3. Reformation of Deed—Pleading.**

See opinion for allegation held to present a sufficient cause for reformation of a

deed of trust including property not intended to be embraced therein, on the ground
of fraud or mistake.

Appeal from Travis. Tried below before Hon. F. G. Morris.

*Hogg & Robertson,* for appellant.—The court erred in the charge to the
jury in directing them to find for the plaintiff unless the defendants had
proved their allegations of mutual mistake or fraud, as to the description
of the land designated as their homestead and that embraced in the lien
created by the trust deed, beyond a reasonable doubt, because said charge
required of the defendants a higher degree of proof than is required by
the law, the defendants being entitled to a verdict if they had proven
their allegations of mutual mistake or fraud by a preponderance of the
evidence. Sparks v. Dawson, 47 Texas, 138; Prather v. Wilkens, 68
Texas, 187; Railway v. Bartlett, 81 Texas, 42; Schmick v. Noel, 72 Texas,
4; Wylie v. Posey, 71 Texas, 39; Heiligmann v. Rose, 81 Texas, 224; Rail-
way v. Matula, 79 Texas, 577; Linn v. Wright, 18 Texas, 332; Neyland v.
Bendy, 69 Texas, 713; Feist v. Boothe, 27 S. W. Rep., 33; Emerson v.
Mills, 83 Texas, 388; Rohrbough v. Leopold, 68 Texas, 260; Baines v.
Ullman, 71 Texas, 529; Bluntzer v. Dewees, 79 Texas, 275; Railway v.
Brazzil, 72 Texas, 237; McBride v. Banguss, 65 Texas, 177; Wallace v.
Berry, 33 Texas, 330; Rider v. Hunt, 6 Texas Civ. App., 241; Markham
v. Carothers, 47 Texas, 28; McGill v. Hall, 26 S. W. Rep., 132, 26 S. W.
Rep., 885; Finks v. Cox, 30 S. W. Rep., 512; Stevens v. Masterson, 90
Texas, 417.

The court erred in failing in the charge to submit to the jury the
issue of mistake in the description of defendants' homestead presented in
their pleadings, and in telling of the jury that the question for determi-
nation was whether or not the land described in the deed of trust was
a different tract of land from that verbally agreed upon as the land to be
embraced in said deed of trust. This charge did not submit to the jury
the issue presented by the pleadings, and inasmuch as the land claimed
as homestead as well as that upon which it was agreed that the deed of
trust should cover, was described in the trust deed, and this charge was
calculated to and did mislead the jury.

The court did not err in holding that the appellants' defense or cause
of action to reform the deed of trust according to the contract was not
barred by the statute of limitations, and it correctly overruled said excep-
tions to said answer. Eborn v. Cannons, 32 Texas, 231.

The appellants' answer and cross petition stated a good cause of action
for reformation of the deed of trust and description in the designation
of homestead according to the terms of the verbal agreement upon the
ground of mutual mistake or fraud, and the same was not barred by limi-
tation and laches, nor were the appellants cut off from relief because of
any negligence on their part; therefore the court correctly overruled all
of said exceptions and correctly refused to charge the jury to return a
verdict for the appellee. Stevens v. Masterson, 90 Texas, 417; Smith v.
Fly, 24 Texas, 345; Dunham v. Chatham, 21 Texas, 231; Railway v. Shir-

ley, 45 Texas, 355; Goff v. Jones, 70 Texas, 572; Hunt v. Rousmaniere, 1 Pet., U. S., 12; Morrison v. Collier, 79 Ind., 417; Bank v. Gough, 61 Ind., 147; Matlock v. Todd, 19 Ind., 130; Wells v. Hydraulic Co., 30 Conn., 316; 45 Am. Dec., 633, 634, and note; 79 Am. Dec., 254; 1 Story Eq. Jur., secs. 146, 193; Pom. Eq., secs. 856, 860, 868.

*T. W. Gregory* and *Geo. F. Pendexter,* for appellees.—There was no equity in appellants' cross-action, and no other verdict than one for appellee could have been rendered under the testimony, hence it is immaterial whether or not the court erred in the charge.

On diligence required: Kuhlman v. Baker, 50 Texas, 636; Cooper v. Lee, 75 Texas, 123; Rowe v. Horton, 65 Texas, 89; Bremond v. McLean, 45 Texas, 19; Smith v. Fly, 24 Texas, 353; Story Eq. Jur., secs. 146, 199; 8 Am. and Eng. Encyc. of Law, sec. 643. Recording of deed notice: Simmons v. Baynard, 30 Fed. Rep., 537; Norris v. Haggin, 28 Fed. Rep., 280; Taylor v. Railway, 13 Fed. Rep., 159; Laird v. Kilbourns, 70 Iowa, 83; Hughes v. Littrell, 75 Mo., 573; Rodgers v. Brown, 61 Mo., 187. On character of proof necessary to authorize reformation of written contract: Railway v. Burke, 1 White & W., C. C., sec. 945; Williams v. Rand, 30 S. W. Rep., 509; Railway v. Shirley, 45 Texas, 377; Ins. Co. v. Wagner, 38 S. W. Rep., 214; Moore v. Giesecke, 76 Texas, 547; Pom. Eq. Jur., sec. 859, and cases cited in note; 15 Am. and Eng. Encyc. of Law, 650, and cases cited in note. Where but one verdict, and that the one rendered, could have been renderd, no error in the charge of the court is of any consequence: Worthington v. Wade, 82 Texas, 26; Devore v. Crowder, 66 Texas, 204; McBride v. Banguss, 65 Texas, 174. Signing an instrument without reading it is gross negligence: Glenn v. Statler, 42 Iowa, 110; Hill v. Bush, 19 Ark., 528, 532. A mere misunderstanding is not sufficient ground for reforming an instrument: May v. Railway, 83 Texas, 505; Page v. Higgins, 5 Law Rep. Ann., 159.

The homestead designation and deed of trust could not have been reformed in this case, because appellants wholly failed to show the form to which these instruments ought to be brought in order that they might express what was intended, as fully appears from testimony of appellant Charles Pace. Railway v. Shirley, 45 Texas, 377; Moore v. Giesecke, 76 Texas, 547; Railway v. Burke, 1 White & W., C. C., sec. 945; Williams v. Rand., 30 S. W. Rep., 509; Ins. Co. v. Wagner, 38 S. W. Rep., 214; Pom. Eq. Jur., sec. 859, and cases cited; 15 Am. and Eng. Encyc. of Law, 650, and cases cited.

The court erred in overruling plaintiff's special exception to defendants' first amended original answer and cross-petition, because it seeks to cancel and reform a written contract on the ground of fraud or mutual mistake. Said pleading alleges that said cause of action or right to cancel and reform said instrument came into being on February 26, 1887, not quite ten years before said pleading was filed and said cause of action or right first asserted. It shows upon its face that no confidential relations existed between R. L. Brown and J. Gordon Brown on the one hand and

said defendants on the other, and that their interests were adverse to each other and that they were dealing at arm's length. It further shows upon its face that the description of the 144 acres in the homestead designation and two deeds of trust, in regard to which the mistake or fraud is alleged, was of the simplest and most easily understood nature possible, and that defendant Charles Pace three times and defendant Jessie Pace twice in the most solemn manner executed the instruments containing such description, and that if they did not discover what was contained in the instruments they were signing and acknowledging, it was their own gross and inexcusable negligence that prevented. Said pleading does not show that any artifice to conceal said alleged fraud or mistake was practiced by plaintiff, or that the said homestead designation and deeds of trust and their recorded copies were concealed from said defendants, or that said defendants examined the public records of Travis County or made any effort to discover the contents of said instruments which they alleged to have repeatedly signed without knowing what they were. It is not alleged that defendants, or either of them, were idiots or weak minded and unable to read or incapacitated from performing the simplest functions of a property holder. Said pleading further shows that said defendants have been, during said time, living upon said property, that their means of discovering any mistake was as good, and in fact much better, than those of plaintiff, and fails utterly to give any excuse for their long delay and negligence, but shows that said attempt to reform said written contract is a stale demand, barred by the laches of said defendants and the four years statute of limitation, and can not be considered or acted upon by a court of equity.

FISHER, CHIEF JUSTICE.—This suit was brought by the appellee against Pace and his wife and one W. H. Richardson, on a note executed by Pace for the sum of $2500 and to foreclose a lien created by deed of trust against all of the appellants upon certain lands described in plaintiff's petition. Pace and wife in effect alleged, that the land described in the deed of trust in part embraces their homestead, and that at the time of the execution of the deed of trust and its subsequent renewal it was understood between the parties that certain lands set out and described in the defendants' answer should not be embraced in the deed of trust, and that by mutual mistake of the parties the land that was intended to be excepted from the operation of that instrument was included in the deed of trust: and further, that, if it was not so included by mistake, it was so included by the wrongful and fraudulent acts of R. L. and J. Gordon Brown, to whom the notes were formerly executed and who prepared the deed of trust, and who stated at the time of its execution and at the time at which it was subsequently renewed that the land intended to be excepted from its operation was not included. Appellant alleged that he had confidence in the integrity of Brown Bros. and relied upon their statements, and, believing those representations to be true, he and his wife executed the deed of trust, and that he never discovered the mis-

take or fraud until long after these instruments had been executed; that the deed of trust did embrace the land that was intended to be reserved from its operation, and did include his homestead. Appellants asked that the deed of trust be reformed so as to exclude this land. Appellee addressed to this answer general and special demurrers, which the court overruled. The case was tried before a jury, who returned a verdict for the plaintiff, and thereupon judgment was rendered.

There is some evidence in the record tending to establish the issues raised by the answer of appellants. The court, after submitting to the jury the issue of mistake and fraud, gave this charge: "In cases like this, wherein it is sought to prove by parol evidence mutual mistake or fraud in a written contract for the purpose of having the written contract changed, the law requires that in order to authorize the change the evidence must be such as to leave no reasonable doubt in the mind of the jury as to the extent of the mistake or fraud, and if in this case you do not believe, beyond a reasonable doubt, either that there was a mutual mistake, as pleaded by the defendants, or mistake on the part of the defendant Charles Pace and fraud on the part of the agents of plaintiff, as alleged by defendants, you will return a verdict for plaintiff on the issues as to reforming the deed of trust."

This charge was clearly erroneous. We can not recall to mind any controversy of a civil nature between litigants which may be instituted in the courts of this State, under the rules of law and practice that obtain with us, where it would be proper to require either party to the controversy to establish the issues raised beyond a reasonable doubt. Sparks v. Dawson, 47 Texas, 138; Rider v. Hunt, 6 Texas Civ. App., 241; Wallace v. Berry, 83 Texas, 330; Baines v. Ullman, 71 Texas, 529.

We can not say that error is shown as complained of in appellants' second assignment of error. The charge of the court in submitting the issue of mistake and fraud was correct as far as it went, except in the particular just pointed out, and if the appellants had desired it to have embraced the question presented in the second assignment of error, they should have asked a charge upon that question; and if the charge had been correctly framed in presenting the point suggested in the assignment the court should have given it, and doubtless would have done so if the appellants had made the proper request.

We do not think there is any merit in the points presented by the cross assignments of errors. The court correctly overruled the demurrers, and properly refused the special charge asked by the plaintiff.

For the error of the charge as pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*