MISSOURI PACIFIC RAILWAY COMPANY v. JOHN T. BARTLETT.

No. 7113.

1. **Fire Arresters—Duty—Charge.**—In an action for value of cotton destroyed by fire while upon the platform of the defendant railway company the court charged among other matters that it devolved upon the defendant to show that it used *the most approved fire arresters.* The charge would have been more satisfactory if it had limited the requirement to the use of the "most approved" fire arresters to those that were shown to be such by their use, or if it had read the "most approved in use."

2. **Satisfactory Proof.**—It is error to impose upon a defendant in a civil case the burden of proving his defense to the satisfaction of the jury. Preponderance in the evidence is that required by law.

3. **Charge Upon Weight of Evidence.**—See charge properly refused because upon weight of evidence.

APPEAL from Bell. Tried below before Hon. W. A. Blackburn.

This is an appeal from a judgment for $2347.45 against appellant for the value of cotton placed by the plaintiff upon a platform of the de-

fendant. The facts are given in the opinion and in report of the case in the former appeal, 69 Texas, 79.

*R. C. Foster* and *A. E. Wilkinson*, for appellant, cited Railway v. Levi & Bro., 59 Texas, 675; Greenl. on Ev., sec. 2; Railway v. Bartlett, 69 Texas, 79.

*W. S. Holman*, for appellee, cited Railway v. Bartlett, 69 Texas, 79; Railway v. Benson, 69 Texas, 407; Railway v. Holt, 1 Ct. App., C. C., secs. 838, 839.

HENRY, ASSOCIATE JUSTICE.—John T. Bartlett filed his petition in the District Court of Bell County to recover damages for the loss of cotton, which was destroyed by fire while lying upon the railway cotton platform at Bartlett Station awaiting shipment; being set on fire, it was alleged, by sparks escaping from the locomotive engine of a passing train, which were permitted to escape through defendant's negligence.

Defendant answered by a general denial, and pleaded specially that the engines were properly equipped, in good repair, and carefully handled, and that the escape of fire from them, if any escaped, was without negligence; and also that plaintiff was guilty of contributory negligence in storing his cotton in advance of shipment upon defendant's premises and in close proximity to the tracks upon which the trains were operated, the cotton being inflammable and the risk of fire great and voluntarily and unnecessarily assumed by plaintiff.

The appellant contends that the court erred in instructing the jury as follows: "If, from all the facts and circumstances in evidence before you, you do not believe that plaintiff was guilty of any negligence in placing said cotton on said platform so near to passing trains and engines that it would be in danger of being ignited as alleged by defendant, then the burden of proof would be on defendant to show it was not guilty of negligence, and the defendant may do this by showing that it used the most approved fire arresters and that they were in good repair and skillfully operated, and used such precautions as are known and approved for the prevention of injury by fire; and if the proof satisfies you that defendant's engine was skillfully operated, and that it used the most approved fire arresters and that they were in good repair, then you could not find defendant guilty of negligence, and if such facts are established by the evidence to your satisfaction you will find for the defendant, although you may believe plaintiff was not guilty of negligence."

It is urged that the expression "most approved fire arresters" prescribes a greater degree of diligence than is either practicable or demanded by the law. We think that such a charge is less exacting than

one that requires evidence of the use of the "best engines and the best appliances," because the last named qualifications are more a matter of speculation and opinion than the former, and may be much more difficult of ascertainment and proof.

The charge would have been more satisfactory if it had limited the requirement to the use of the "most approved" fire arresters to those that were shown to be such by their use, or if it had read the "most approved *in use*." 2 Wood Railway Law, 1343.

In the case of Baines v. Ullmann, 71 Texas, 537, it was said by this court: "It was not necessary that the evidence should have been sufficient to *satisfy* the jury of the facts in order to entitle appellant to a verdict, for he could have been entitled to this if upon a consideration of all the evidence the jury had been of the opinion that the facts necessary to a recovery by him were established by a preponderance of the evidence. Evidence is said to satisfy the mind when it is such as frees the mind from doubt, suspense, or uncertainty. The jury may have believed that the evidence preponderated in favor of the existence of the facts which would make the sale of the goods by appellant to his former wife valid against other creditors, yet under the charge the jury would have felt bound to render a verdict against him if their minds were not freed from doubt and uncertainty by the evidence."

In Greenleaf on Evidence it is said: "By satisfactory evidence, which is sometimes called sufficient evidence, is intended that amount of proof which ordinarily satisfies an unprejudiced mind beyond reasonable doubt." Vol. 1, sec. 2.

The defendant requested the court to give to the jury the following charge, which was refused: "Defendant having introduced evidence of the engineer in charge of the engine in question that it was equipped with proper and approved appliances for preventing escape of fire, and was in good order and properly handled, no inference can be drawn from proof that the cotton was burned by fire from the engine. The onus is by this proof thrown on the plaintiff to establish by proof some negligence on the part of defendant causing the fire."

It would have been error to give the charge, because it was upon the weight of the evidence.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered May 12, 1891.