## S. P. EMERSON v. ELLA W. MILLS ET AL.

### No. 3150.

1. **Hearsay — Res Gestæ.**—Negotiations of importance were had between the maker of a vendor's lien note and one of the holders touching a partial failure of title to the land which was the consideration. The party to the negotiations with the maker, without his knowledge, wrote a version of the transaction to one of the joint holders of the note. This letter was hearsay, and in no way could be considered res gestæ. Its admission against the maker was error.

2. **Agreement Postponing Payment.**—An agreement postponing payment of a promissory note until investigations be had touching its consideration, etc., will not be considered as a new contract, taking the place of the original note. Limitations upon such agreement in parol would not apply as a defense.

3. **Degree of Certainty of Proof in Civil Cases.**—It is error for the court to charge the jury, that the party upon whom the burden of proof is must prove his case to the *satisfaction* of the jury.

4. **Burden of Proof—Confession and Avoidance.**—A defendant having pleaded in confession and avoidance facts relied on by him to show payment of the note declared on by plaintiffs, it was incumbent upon him to sustain his plea by proof of such facts.

5. **Possession by Maker of Note.**—The note sued on having been surrendered to the maker before suit by agents of the holders for collection only, no presumption arose from such possession of the note necessary to be rebutted before recovery could be had upon the note so surrendered without authority.

6. **Disaffirming Act of Agent.**—See facts held sufficient to avoid any necessity of a charge submitting whether an unauthorized surrender to the maker of the note sued upon was disaffirmed by the holders. The suit having been promptly brought upon the note, there was no issue for the jury.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER.

The opinion states the case.

*Cobb & Avery*, for appellant.—1. On the question of the settlement of the note sued on the evidence was conflicting, and this was a material issue. The letter mentioned was the self-serving statement of Sydney Wilson, not made in the presence of defendant, and was not a part of the res gestæ, and its admission is reversible error. Shiner v. Abbey, 77 Texas, 1; Solomon v. Huey, 1 Posey's U. C., 265; Whart. on Ev., 3 ed., secs. 265, 1101, 1102, 1077.

2. After a written agreement is entered into a new agreement upon a valid consideration may be made by the parties by parol, which will take the place of the old agreement, and suit must be thereafter brought on the new and not the old agreement, and the new agreement may be pleaded and proved in bar of a suit brought on the old agreement. Self v. King, 28 Texas, 552; Hughes v. Prewitt, 5 Texas, 265; Smitherman v. Smith, 3 Dev. & B. (N. C.), 89; Babcock v. Hawkins, 23 Vt., 561; 2 Pars. on Con., 7 ed., *285.

3. The evidence in this case shows, that after the old agreement evidenced by the note was made the parties thereto made a new agreement in regard to this matter, which new agreement was not pleaded by plaintiffs, but was pleaded by defendant as a bar to this suit on the note, and the court erred in not so charging. McLane v. Belvin, 47 Texas, 493; Wooldridge v. Hathaway, 45 Texas, 380; Williams v. Randon, 10 Texas, 73; Lutterloh v. McIlhenny Co., 74 Texas, 73; Railway v. Scott, 72 Texas, 73; Laing v. St. Louis T. F. Co., 3 Ct. App. C. C., sec. 463.

4. The evidence shows that the new agreement was upon a valid consideration, to-wit, a compromise, and that it was binding on the parties, whether it was as claimed by defendant or plaintiffs. Camoron v. Thurmond, 56 Texas, 34; Little v. Allen, 56 Texas, 139; Mulhall v. Dicks, 1 Ct. App. C. C., sec. 1206; Mitchell v. Wheaton, 33 Am. Rep., 24; Milliken v. Brown, 1 Rawle, 392 (cited in 2 Pars. on Con., 7 ed., p. 750); Turnbull v. Brock, 31 Ohio St., 649; 1 Pars. on Con., 7 ed., p. 467, *438; 1 Wait's Act. and Def., pp. 94, 97.

No brief for appellees reached the Reporter.

GARRETT, PRESIDING JUDGE, *Section B.*—Suit was upon a promissory note executed by the appellant for land.

February 17, 1880, one E. H. Wilson conveyed to the appellant S. P. Emerson a tract of land containing 680 acres, for which Emerson paid Wilson $3000 in cash and executed to him his three notes for $2000 each, due one, two, and three years after date. At the time of the sale the parties knew that the title to forty acres of the land was in doubt, but supposed it could be perfected, and Wilson conveyed the entire tract by a deed with covenants of general warranty. All of the purchase money was paid as it matured until the last note, which fell due February 17, 1883. In the meantime E. H. Wilson had died, and the appellees became the owners of the note as heirs and legatees. When this last note was about to mature it was sent to Adams & Leonard, bankers at Dallas, for collection, by J. T. Wilson, one of the plaintiffs, who was then residing in New Orleans, Louisiana. The other plaintiffs, Ella W. Mills and her husband J. P. Mills, Sallie C. Head and her husband H. O. Head, and A. S. J. Wilson, were residing in Grayson County, Texas. Emerson wrote to J. T. Wilson at New Orleans, and required some arrangements to be made about the forty acres in dispute before he would agree to pay the note. The trouble about the forty acres was, that it was claimed to be vacant land, and had been located by one Thomas, but was in the possession of E. H. Wilson at the time he sold it, and remained in the possession of Emerson afterward. At the request of the other plaintiffs the appellee Sidney Wilson went to Dallas to see Emerson about the payment of the note, and an arrangement was effected by which the note was all paid except the proportional amount of the purchase money for the forty acres.

Emerson contends that the agreement between him and Sidney Wilson was, that as the title had failed to the forty acres, the note was to be credited with an amount equal to the purchase price thereof at the rate per acre for which the entire tract was sold, and that that amount was never to be paid at all, and that he might buy in the note of Thomas for whatever he could. If his contention is true, the plaintiffs were not entitled to recover. Appellees contend that the payment as to the forty acres was only deferred until they could see better what to do, expecting the statute of limitations would cure the defect in the title. At the time of the agreement Emerson paid $1000, and within less than two months afterward paid the entire balance except as to the forty acres, when Adams & Leonard surrendered the note to him with the understanding that it had been discharged in full.

Appellees, contending that Adams & Leonard held the note for collection only, and had no authority to surrender it to Emerson except on payment of the full amount thereof, brought this suit February 16, 1887; charged Emerson with the possession of the note, notified him to produce the same, and prayed judgment for the balance thereon. The title to the forty acres had in fact failed, and defendant bought it in from Thomas for the sum of $272, on December 24, 1885.

When the case was called for trial, January 16, 1890; the defendant made an application for continuance, which was overruled, and trial was had before a jury, and resulted in a verdict and judgment for the plaintiffs for the sum of $671.40, from which Emerson has appealed.

Appellant's third assignment of error relates to the admission of a letter, dated March 2, 1883, written by Sidney Wilson to his brother Turner (J. T.) Wilson, from Sherman, Texas. This letter gave an account of the agreement between Sidney Wilson and the defendant in regard to paying the note sued on. It was written several days after the transaction occurred, without the knowledge of the defendant, and was clearly hearsay and inadmissible as evidence in the case. It was not a part of the res gestæ, for the transaction to which it related was past.

We do not think that the agreement made by the appellee Sidney Wilson with Emerson, although taken to be true as contended for by Wilson, was a new contract or agreement against which the statute of two years limitation would run. If true, it was only an extension of the time of the payment of the note until a future day, and could not have the effect to replace the note with a new contract. So the defendant's plea of the statute of limitation was properly disregarded, and the court did not err in refusing to give the special charges asked upon that matter of defense.

The court charged the jury, that the defendant was required to prove to the *satisfaction* of the jury that the note sued on had been paid off and discharged; and refused a special instruction requested by the defendant, that the note, being in defendant's possession, was presumed to have been paid, and that the defendant acquired possession of the same lawfully, and the burden of proof was on plaintiffs to disprove these facts by a preponderance of the evidence.

An erroneous charge is presumed to have been injurious, and appellees must show that it was harmless. Railway v. Greenlee, 62 Texas, 344. It is error for the court to charge the jury that the party upon whom the burden of proof is must prove his case to the *satisfaction* of the jury. Railway v. Bartlett, 81 Texas, 42; Baines v. Ullmann, 71 Texas, 537. But the charge was not only erroneous in devolving the burden of proof on the defendant to the satisfaction of the jury. With respect to the special instruction requested by the defendant, devolving the burden of proof upon the plaintiffs to show that the note had not been paid because of its possession by the defendant, it was properly refused. The defendant having pleaded in confession and avoidance facts relied on by him to show payment of the note, it was incumbent on him to sustain his plea by proof of such facts. Clark v. Hills, 67 Texas, 141. Again, it was shown that Adams & Leonard held the note for collection only and surrendered it without full pay-

ment, no authority to do so having been shown. Under these facts, no such presumption would arise as would prove possession of the note without any explanation as to how it was obtained.

There was no error in refusing to give in charge to the jury the special instruction requested by the defendant, that it was the duty of the appellees to disaffirm the action of Adams & Leonard in delivering the note to the defendant. It does not appear that they knew that the note had been delivered to Emerson by Adams & Leonard until December 16, 1884, when upon inquiry they were so advised. The matter was placed in the hands of their attorney for suit early in 1885, and within a short time afterward he spoke to Emerson about it. Again, no rights of innocent parties had intervened to be affected by any failure of the appellees to bring suit, or in any other manner to disaffirm the act of Adams & Leonard, who were their agents for the collection of the note. Mech. on Ag., secs. 110, 146, 152.

While the verdict of the jury in allowing a credit for the $272 paid by Emerson to Thomas for the land in doubt as to the title was not responsive to the issues or any pleading, still, having found as they did in favor of the plaintiffs, and believing that the defendant had bought in the superior outstanding title, they struck the right of the case as they believed it to be, and the error was one at least of which the appellant could not complain.

We are of the opinion that the judgment of the court below should be reversed and the cause remanded for another trial.

*Reversed and remanded.*