PARIS, MARSHALL & SABINE PASS RAILWAY CO. v. NESBITT & McKAY.

No. 936.

**1. Contributory Negligence Bars Recovery.**
  Where the negligence of plaintiff contributes to the injury, it precludes his right of recovery therefor, irrespective of negligence on the part of the defendant. Following Martin v. Railway, 87 Texas, 117.

**2. Railway Company—Fires from Engine—Degree of Care.**
  An instruction that a railway company is liable for fires set by its engines, unless it used "the best appliances" to prevent the escape of fire therefrom, is erroneous, as requiring too high a degree of care.

**3. Same—Charge of Court—Burden of Proof.**
  Where the evidence was conflicting as to whether sparks from defendants' engines set the fire, it was error to charge that if defendants' engines caused the fire, the burden would be on it to show that it used proper appliances to prevent the escape of sparks, and operated its trains carefully and prudently.

APPEAL from Harrison. Tried below before A. H. COOPER, Esq., Special Judge.

*Y. D. Harrison*, for appellant.

*Charles E. Carter*, for appellees.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted by Nesbitt and McKay against the Paris, Marshall and Sabine Pass Railway Company for $900 damages alleged to have been suffered by them from the negligent burning of lumber through the means of sparks emitted from the engine of the railway company. The railway company answered by

general demurrer and general denial, and specially plead that the plaintiffs were guilty of contributory negligence, in placing their lumber upon the right of way of the railway company in a dangerous place, and that they knew of the danger, and therefore took the risk of its burning, etc. The cause was tried and resulted in a verdict and judgment for plaintiffs in the sum of $518.70. From this judgment this appeal is prosecuted.

It is assigned that the court below erred in its charge to the jury upon the issue of contributory negligence. The court, in effect, charged the jury that if the plaintiffs were guilty of negligence in placing their lumber upon the right of way of the railway company, and allowing it to remain there, that they could not recover in this case, unless it appeared that the railway company knew of the situation of the lumber and of the danger it was in, and with such knowledge, operated its engines in such a negligent manner as to indicate an indifference to plaintiffs' rights. If they found this to be true, then plaintiffs would be entitled to recover, notwithstanding the jury might believe they had been guilty of contributory negligence as defined by the court. This proposition is in contravention of the law as declared by our Supreme Court in the case of Martin v. Railway, 87 Texas, 117. That was a suit for damages for the negligent burning of cotton placed upon the platform of the compress company adjoining and connected with the platform of the railway company. The trial judge in that case charged the jury as follows: "If you believe from the evidence that the plaintiffs or their agents or employes placed plaintiffs' cotton where it was burned, and if plaintiffs or those persons who had charge of the cotton for them at the compress, did not cover or otherwise protect such cotton from sparks emitted from passing engines; and if you find that the placing of such cotton at the place where it was burned, and so leaving it there uncovered, was such an act of omission as a person of ordinary prudence would not have done in view of the probable damages of fire from passing engines, if such damage was probable; and if you further find from the evidence that such placing of the cotton there and leaving it uncovered was a proximate cause, which, concurring with the negligence of the defendant, if you find that the defendant was negligent, produced the fire which damaged the cotton, then the plaintiffs cannot recover, no difference how negligent in the matter you may find the defendant to have been." This charge was approved by the Supreme Court.

As we understand the law declared in the above cited case, if it be shown that the negligence of the plaintiff contributed to the injury, then that contributory negligence precludes the right of recovery in a suit for damages based upon negligence of the defendant. This suit is of this character, and the charge of the court below must be treated as error.

The third assignment of error complains that too high a degree of care was required of the defendant by the charge of the court. The charge of the court instructed the jury that if the engine set fire to the lumber,

the defendant would be liable, unless it used the best appliances to prevent the escape of fire.   We think this charge is subject to the criticism directed against it.   Railway  v. Bartley, 81 Texas, 42; Wood's Railway Law, 1342; Railway v. Welch, 86 Texas, 203.

The fourth assignment of error complains of the charge of the court, to the effect that if the defendant's engine caused the fire, the burden would be on the defendant to show that it used proper appliances and operated its train in a proper manner.

Whether the lumber was set on fire by the engine, was an issue before the jury, upon which there was evidence upon both sides.   Plaintiffs showed circumstances which strongly pointed to the fact that the fire occurred from sparks emitted from the engine; while the defendant introduced evidence tending to show that the engine was properly equipped to prevent the escape of sparks, and was carefully and prudently operated. As this issue rested upon conflicting evidence, the court should not have given the charge as to the burden of proof.   Telegraph Co. v. Bennett, 1 Texas Civ. Apps., 558; Railway v. Harriat, 80 Texas, 73; Railway v. Hudson, 77 Texas, 949; Railway v. Gowan, 73 Texas, 355; Railway v. Taylor, 79 Texas, 104.

On account of the errors above pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 2, 1895.