## William S. Pittman v. Harriette B. Pittman.

1. INSTRUCTIONS—*Where there is a Conflict in the Testimony.*—Where there is a controversy in the testimony care must be taken to instruct the jury accurately upon the law of the case.

2. SAME—*Increasing the Measure of Proof.*—In the trial of a suit for divorce, where the complainant charges his wife with adultery, it is error to instruct the jury that more devolves upon him than to show by a preponderance of the evidence that his wife is guilty of the offense charged.

**Bill for Divorce.**—Appeal from the Circuit Court of Jersey County, the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed December 2, 1897.

*Erroneous instructions given for appellee and referred to in the opinion of the court :*

No. 4. You are instructed that even though you believe from the evidence that there is a probability of the guilt of the defendant, still you are instructed that you should not for that reason alone find the issue for the complainant. In this case it is not sufficient if the evidence shows a mere probability of the guilt of the defendant. The law requires that the proof should be satisfactory where, as in this case, a divorce is sought from the wife for adultery; and unless there is satisfactory proof of the guilt of the defendant of the actual offense of adultery, it is your duty to find the issues for the defendant.

No. 11. You are instructed that it being important to the well-being of society that the marriage relation should not be severed, the law requires that the proof should be satisfactory when a divorce is sought from a wife for adultery.

No. 13. You are instructed that while adultery may be proven by circumstantial evidence, still the law requires that the proof should be satisfactory in order to establish the charge.

No. 2. You are further instructed for the defendant that the law requires that the complainant, in order to entitle him to a verdict, should establish his case by a preponderance of the evidence; and if the jury

Pittman v. Pittman.

find the testimony so contradictory, or so evenly balanced, that they are unable to arrive at a satisfactory conclusion as to the truth or falsity of the charge against the defendant, then the jury should find the issue for the defendant.

ED. J. VAUGHN and BELL & BURTON, attorneys for appellant.

MARTIN J. DOLAN and HENRY T. RAINEY, attorneys for appellee.

It is impossible to lay down beforehand in the form of a rule, what circumstances shall and what shall not constitute satisfactory proof of the act of adultery, because the same facts may constitute such proof or not, as they are modified and influenced by different circumstances.   Bishop on Marriage and Divorce, Vol. 2, Sec. 616.

The circumstances from which adultery may be inferred must be such as to satisfy a reasonable and just man almost beyond reasonable doubt; that is to say, that while the same amount of evidence is not required as in criminal cases, adultery is in fact a crime, and is the most serious of all offenses against marriage, and can be proved only by the clearest, most positive and most satisfactory evidence, and will not be held as proved if the facts on which the charge is based are consistent with innocence.   Am. & Eng. Ency. of Law, Vol. 5, 785; Ritzman v. The People, 110 Ill. 362.

An instruction which, standing alone, might mislead, but, is connected with others, which properly limit and qualify its meaning, so that it is clear that the jury were not misled, is not ground for a reversal.   Illinois Cent. R. R. Co. v. Swearingen, 47 Ill. 206.

Although part of the instructions given may be open to criticism, yet if, taking them together, as a whole, the law of the case is fairly presented, and justice is done by the verdict, the judgment will not be reversed.   Gilchrist v. Gilchrist, 76 Ill. 281.

Although one instruction was not technically accurate, yet, as other instructions upon the same point stated the law very fully and fairly and as the same verdict would un-

doubtedly have been rendered had the instruction been properly modified or wholly refused, the judgment is affirmed. O'Halloran v. Kingston, 16 Bradw. 659.

Entire accuracy in expressing the law in instructions is not to be expected in every case, and it is a rule of general application that every slight error that may appear will not be sufficient warrant for reversing the judgment. Massachusetts M. L. Ins. Co. v. Robinson, 98 Ill. 324.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This was a bill for divorce, filed by appellant, charging his wife with adultery with one Frank W. Warren. Appellee answered, denying the charge, and upon that issue the case went to trial by a jury which resulted in a verdict of not guilty.

The evidence was circumstantial and voluminous. Inasmuch as we shall be compelled to reverse the decree because of error in instructions and remand the cause for another trial, we shall refrain from discussing it in this opinion. A sharp controversy is shown from an inspection of it and hence there was great necessity of giving instructions which accurately stated the law of the case.

In the fourth instruction given for appellee the court told the jury that "The law requires that the proof should be satisfactory where, as in this case, a divorce is sought from the wife for adultery, and unless there is satisfactory proof of the guilt of the defendant of the actual offense of adultery it is your duty to find the issue for the defendant."

The same was repeated in the eleventh and thirteenth instructions given for her; and in the second they were told that if the testimony was so contradictory or evenly balanced that they were unable to arrive at a satisfactory conclusion as to the guilt of the defendant it was their duty to return a verdict for her.

The effect of these instructions was to take the case out of the rule governing civil cases as to the degree of proof required of a complainant or plaintiff to entitle him to

recover.   They told the jury in effect that in the trial of a divorce case where the complainant charges his wife with adultery, more devolves upon him than to show by a preponderance of the evidence that his wife is guilty of the offense.   The word "satisfactory," as defined by Webster, means "giving or producing satisfaction; yielding content; especially relieving the mind from doubt or uncertainty and enabling it to rest with confidence."   In the light of that definition jurors in the trial of such a case would understand by such instructions that their minds must be convinced of the truth of the charge beyond a reasonable doubt.   As we understand it a divorce case where the charge is adultery is no exception to the general rule governing civil cases as to degree of proof.

Instructions of this character have been repeatedly condemned by our Supreme Court as magnifying the burden which the law casts upon the plaintiff in a civil suit.   Herrick v. Gary, 83 Ill. 85; Graves v. Colwell, 90 Ill. 612; Ruff v. Jarrett, 94 Ill. 475; Stratton v. Central City Horse Railway Co., 95 Ill. 25; Rolfe v. Rich, 149 Ill. 436.

In a line with these instructions was also the following:

15.   The jury are further instructed for the defendant, that even though it appears from the evidence that the defendant and Frank W. Warren were in a position where it was possible for them to commit adultery, still, in order to find for the complainant in this case on that issue, they must be seen together not only under circumstances which would make it possible for them to commit adultery, but also under circumstances which can not be accounted for reasonably, under the evidence, unless they had that design.

Because of the error of the court in these instructions the decree must be reversed and the cause remanded for another trial.   Reversed and remanded.