BREWER v. DOOSE et al.

(Court of Civil Appeals of Texas. Feb. 14, 1912. Rehearing Denied April 17, 1912.)

1. TRIAL (§ 237*)—INSTRUCTIONS—DEGREE OF PROOF REQUIRED — "SATISFACTORY EVIDENCE"—"SUFFICIENT EVIDENCE."

An instruction in a civil action, that plaintiff was required to establish his case to the satisfaction of the jury, was error, since the jury might find for plaintiff if they believed from the preponderance of the evidence that he was entitled to recover; "satisfactory evidence" or "sufficient evidence" meaning the amount of proof which ordinarily satisfies an unprejudiced mind beyond a reasonable doubt (citing Words & Phrases, vol. 7, p. 6335).

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 542, 548–551; Dec. Dig. § 237.*

For other definitions, see Words and Phrases, vol. 7, p. 6762.]

2. EMINENT DOMAIN (§ 281*)—RECOVERY BY FORMER OWNER — DEFENSE — PAYMENT FOR LAND.

In an action to recover two strips of land, where the issue presented was one of boundary, and where one of defendants claimed that a portion of the strips belonged to it, on which a public road had been established, a peremptory verdict for such defendant is properly instructed, where the uncontradicted evidence showed that plaintiff had been fully paid therefor.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 776, 780; Dec. Dig. § 281.*]

3. APPEAL AND ERROR (§ 759*)—BRIEFS—ASSIGNMENTS OF ERROR.

Assignments of error not briefed in accordance with the rules will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

Appeal from District Court, Runnels County; John W. Goodwin, Judge.

Action by Joshua Brewer against G. A. Doose, Runnels County, and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded as to all defendants except Runnels County, and judgment in its favor affirmed.

C. L. McCartney, of Brownwood, for appellant. Smith & Wade, Stone & Wade, Harris & Harris, C. H. Willingham, and J. I. Guion, all of Ballinger, for appellees.

RICE, J. This suit was brought by appellant, as plaintiff below, against appellees as defendants, to recover two strips of land claimed to be off of the west and south sides of survey No. 40 in block 62, in the name of H. & G. N. R. R. Co. in Runnels county, Tex., alleging that said survey belonged to him, and that appellees had ejected him from the possession thereof. Defendants denied that either of said strips of land constituted any part of said survey No. 40, but alleged that the strip sued for as being on the west side of 40 was on survey No. 440, and the strip sued for as being on the south side of 40 was out of survey No. 39, each of which belonged to them. Defendants further pleaded an estoppel by acquiescence and an agreed line; and Runnels county, one of the defendants, answered that a portion of said strip belonged to it, upon which a public road had been laid out and established, it having purchased the same from appellant and paid him therefor. There was a jury trial resulting in a verdict and judgment in behalf of appellees, from which appellant has prosecuted this appeal. So that the issue presented is one of boundary and involves the location of the east line of survey 440, the north line of 39, and the west and south lines of 40. The field notes of 440 which were in evidence call for bearing trees at its southwest and northwest corners, but no object is called for as identifying either the northeast or southeast corners of said survey. Survey No. 40 calls to begin at the southeast corner of No. 440, and runs thence north with its east line 2,951 varas for its northeast corner; but there are no objects called for as fixing either or any of the corners of said survey No. 40, and its west line is coincident with the east line of No. 440 and its south line with the north line of 39.

As stated by appellant, the issue is as follows: If survey No. 440 be run out the course and distance from its northwest corner as established by its bearing trees for that corner east and south, its east boundary line will be as claimed by appellant; but if said east line be run south from the rock pile in the Ballinger and Wingate road, shown by general reputation to have been the northeast corner of said survey, then the east line of said survey will be as claimed by appellees. Each of these issues found support in the evidence, and upon them the

court instructed the jury as follows: "You will therefore determine from the evidence where the true eastern line of survey No. 440 and the south line of survey No. 40 are situated according to the field notes set out in the respective grants of said surveys; and if possible you will ascertain the lines of said surveys as made by the surveyors who made them. Where the lines of a survey have been actually run upon the ground and the corners established, those, if they can be found, constitute the true boundaries of the land, and if they or enough of them, are shown by the evidence, *so as to establish to the satisfaction of the jury* the true location of the land, these must be respected by the jury and must not be departed from or made to yield to course and distance or any other less certain matter of description. *Where the evidence fails to establish to the satisfaction of the jury* the location of the land described in the field notes by natural objects called for and found on the ground or corners appearing on the ground, or by evidence of enough of them to reasonably *identify the land to the satisfaction of the jury*, then it will be the duty of the jury to ascertain said lines in controversy by the field notes of the surveys in controversy as set out in the patents, according to the following rules." Then follows the usual rules as to dignity of calls.

[1] These sections of the charge are made the basis of the sixth and seventh assignments of error, on the ground that they impose a greater burden upon plaintiff than the law requires, in that said portions of the charge required the plaintiff to establish his case to the satisfaction of the jury, before they could find for him. Appellant contends in his argument that these charges, in effect, required the jury to be satisfied from plaintiff's standpoint that the two trees which he claims marked the northwest corner of 440 are the original bearing trees marked by the original surveyor, whereas the jury might have believed that the east boundary of 440 was exactly where plaintiff claimed it to be, yet they might not be satisfied of it; and, under this charge, not being satisfied, they were required to discard their belief, however well founded it might be, and proceed to find this line, subordinating course and distance to everything else. We are inclined to think this criticism is well founded. A plaintiff is never required to establish his case *to the satisfaction of the jury* before he is entitled to recover, but the jury may find for him if they believe from a preponderance of the evidence that he is entitled to recover.

In the case of Baines v. Ullmann, 71 Tex. 529, 9 S. W. 543, Chief Justice Stayton says: "It was not necessary that the evidence should have been sufficient to satisfy the jury of the facts in order to entitle appellant to a verdict; for he would have been entitled to this if upon consideration of all the evi-

dence the jury had been of the opinion that the facts necessary to a recovery by him were established by a preponderance of the evidence. Evidence is said to satisfy the mind when it is such as to free the mind from doubt, suspense, or uncertainty."

In Finks v. Cox et al., 30 S. W. 512, Mr. Chief Justice Fisher, discussing a charge where a similar expression is used as the one here under consideration, says: "The word 'satisfied' conveys to the ordinary mind a greater degree of certainty in establishing a right than is exacted by the law in order to permit the one asserting that right to recover, and charges of a similar nature have been repeatedly condemned and disapproved by our Supreme Court." He further says: "It is possible in view of the other charges of the court, that the jury were not misled by this charge; but, in view of the conflict in the evidence, we cannot speculate about this matter, and according to the case of Emerson v. Mills, 83 Tex. 388, 18 S. W. 805, we would not be authorized to hold that this charge was harmless, and for the error in this respect we will have to reverse the judgment of the court below."

In discussing a similar charge in Moore v. Stone, 36 S. W. 909, Mr. Justice Hunter says: "The jury might have believed that the evidence preponderated in favor of the genuineness of these deeds, yet under this charge they would have felt bound to render a verdict against appellant, if their minds were not reasonably free from doubt as to the genuineness of said deeds. In Mr. Greenleaf's work on Evidence, he states the definition of 'satisfactory evidence' as follows: 'By satisfactory evidence, which is sometimes called "sufficient evidence," is intended that amount of proof which ordinarily satisfies an unprejudiced mind beyond reasonable doubt.' I Greenl. Evid. § 2. This charge has been condemned by a long line of decisions of our Supreme Court"—citing Torrey v. Cameron, 73 Tex. 583, 11 S. W. 840; Fordyce v. Chancey, 2 Tex. Civ. App. 24, 21 S. W. 181; Railway Co. v. Matula, 79 Tex. 577, 15 S. W. 573; McBride v. Banguss, 65 Tex. 174; Wylie v. Posey, 71 Tex. 34, 9 S. W. 87; Railway Co. v. Brazzil, 72 Tex. 237, 10 S. W. 403; Railway Co. v. Bartlett, 81 Tex. 42, 16 S. W. 638.

In Fordyce v. Chancey, supra, it was held, as shown by the syllabus, that "an instruction that the jury must be satisfied that a certain result would flow from the injuries is properly refused, as demanding too high a degree of proof in civil cases."

In Railway v. Matula, supra, Chief Justice Stayton said: "In civil cases the jury must find according to the preponderance of the evidence, and the proof need not be to their satisfaction."

In M. P. Ry. Co. v. Brazzil, supra, it is said: "In civil cases, whatever may be the issue involved, it is not requisite that the

person on whom rests the burden of proof shall establish his case by a greater weight of evidence than a fair preponderance."

In 7 Words & Phrases, p. 6335, it is said that "Satisfactory evidence, which is sometimes called 'sufficient evidence,' means that amount of proof which ordinarily satisfies an unprejudiced mind beyond a reasonable doubt," citing Thayer v. Boyle, 30 Me. 475; 1 Greenl. Evid. § 2; Campbell v. Burns, 94 Me. 127, 46 Atl. 812; Moore v. Stone, supra; Mo. Pac. Ry. Co. v. Bartlett, supra; and numerous other cases. See, also, Pittman v. Pittman, 72 Ill. App. 500, where it is held that to tell the jury that the proof shall be satisfactory before they can find a verdict in behalf of plaintiff was equivalent to telling them that they must be convinced of the truth of the charge beyond reasonable doubt. Mr. Justice Wilkes, in the case of Endowment Rank, K. of P., v. Steele, 107 Tenn. 8, 63 S. W. 1128, enters into the following elaborate discussion as to the propriety of giving a similar charge to the one under consideration, saying: "It is not necessary in a civil action that any facts should be established, that is settled certainly or fixed permanently, which may have been uncertain, doubtful, or disputed theretofore. It is not required that the evidence shall be clear and plain or that it shall satisfy any reasonable man. The word 'satisfy' means 'to free from doubt, suspense, or uncertainty; to set the mind at rest.' Now it is necessary that the jury should be satisfied that there is a preponderance one way or the other; but this does not mean that it must be satisfied of the truth of the fact itself. (Here follows quotation from Greenleaf above set out.) The law does not require that any theory or contention of either party in a civil suit shall be freed from doubt, suspense, or uncertainty; that the evidence must set the minds of the jury at rest; that it must be clear and plain; that it must be established in the usual acceptation of that term; but merely that the contention shall be supported and made out by a preponderance of the testimony, although the jury may nevertheless have some doubt or uncertainty and their minds may not be at rest, and the fact may not be certainly fixed. The jury may consider that a fact is shown by a preponderance of the testimony when it falls short of making it clear and plain or removing doubt from their minds; but the rule is, if the evidence is of sufficient weight to preponderate in favor of any theory or contention, that, in a civil case, is sufficient. Now the several charges in the case complained of clearly lay down the rule that the evidence in the case must be of such a character, or so clear and plain, as to satisfy any reasonable man and remove doubt from the minds of the jury. The true statement of the rule is that, if the evidence preponderate in favor of any contention of the plaintiff or defendant, that contention may by the jury be considered as sufficiently sustained to rest a verdict upon; and it is not necessary that the evidence should go so far as to make said contention clear and plain and establish it in a sense to make it free from doubt or uncertainty, or set the minds of the jury at rest and convince them absolutely of the truth of the contention. After all the evidence that can be produced is introduced, the jury may still be unsatisfied—not convinced. Their minds may not be at rest; they may not be freed from doubt, uncertainty, and suspense, but still the jury may recognize that there is a preponderance of evidence, and on that they may base their verdict." Brick Co. v. Baird, 128 S. W. 460; S. A. & A. P. Ry. Co. v. Graves & Patterson, 131 S. W. 613.

The jury in the present case may not have been satisfied that the lines and corners of 440 were established on the ground by the original surveyors, as set out in the field notes, and as contended by appellant, yet they may have believed that they were, and so believing could have found in favor of plaintiff; still they could not do so, we think, under this charge unless they were satisfied of such facts—placing thereby a greater burden on the plaintiff than the law imposed upon him.

Appellees ingeniously undertake to show that this charge is not reversible error, because when taken in connection with the whole charge, that the jury could not have been misled by it, and that the same was not submitted as a ground for their finding, but merely given in general terms as a definition, and therefore should not operate as a cause of reversal, since in connection with the same the court, as they contend, correctly charged the law directly applicable to the facts. We differ with appellees in this contention for the reason that, under the charge as given, we think the plaintiff was required to furnish evidence which would satisfactorily establish to the minds of the jury his contention, before they could find for him. Believing that the charge as given was error, we sustain this assignment.

[2] We do not think there was any error on the part of the court in instructing a peremptory verdict in behalf of Runnels county, because the uncontradicted evidence showed that even if the strip of land upon which the county had established a public road belonged to plaintiff, yet he had been fully paid therefor, and was not entitled to recover it.

[3] Since this case must be reversed for the reasons above indicated, those assignments challenging the facts will not be considered. Some of the other assignments are not briefed in accordance with the rules, and therefore will not be considered. The remaining ones are regarded as without merit, and are overruled.

For the reason that the court erred in giving the charge above quoted, the case, so

far as it affects all of appellees except Runnels county, will be reversed and remanded, but, as to it, the judgment of the court below is in all things affirmed.

Affirmed in part, and reversed and remanded in part.

JENKINS, J., being disqualified, did not sit in this case.