PEDEN IRON & STEEL CO. v. JAIMES.
(No. 28–2657.)

(Commission of Appeals of Texas, Section B. Feb. 19, 1919.)

1. APPEAL AND ERROR ⬤═══1095 — REVIEW — FINDINGS.

Whether the issue of contributory negligence was raised by the evidence is a question of law, and the finding of the Court of Civil Appeals that no such issue was raised is not binding on writ of error to review its decision.

2. MASTER AND SERVANT ⬤═══291(12)—INJURY TO SERVANT—INSTRUCTIONS.

An instruction that the burden was on plaintiff to establish facts necessary to recovery by a preponderance of the evidence, and that the burden was on the master to establish to the jury's satisfaction the servant's contributory negligence, is erroneous, being equivalent to a charge calling for a finding beyond a reasonable doubt on the issue of contributory negligence.

3. MASTER AND SERVANT ⬤═══289(27)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In a servant's action for injuries received while pipe was being loaded into a wagon, held, under the evidence, that whether the servant was guilty of contributory negligence in getting into the wagon while loading was going on was for the jury.

4. APPEAL AND ERROR ⬤═══1170(9)—REVIEW—HARMLESS ERROR.

Notwithstanding rule 62a (149 S. W. x), relating to harmless error, held, in view of rulings of the Supreme Court in construing other rulings, that the giving of an instruction, in a servant's action for injuries, where the evidence raised the issue of contributory negligence, which required defendant to establish the same to the satisfaction of the jury, was prejudicial error.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by E. M. Jaimes against the Peden Iron & Steel Company. A judgment for plaintiff was affirmed by the Court of Civil Appeals (162 S. W. 965) and defendant brings error. Reversed and remanded for new trial.

Emmett B. Cocke and Templeton Brooks, Napier & Ogden, all of San Antonio, and Baker, Botts, Parker & Garwood, of Houston (W. H. Walne, of Houston, of counsel), for plaintiff in error.

Hertzberg, Barrett & Kercheville, of San Antonio, for defendant in error.

SADLER, J. Plaintiff in error seeks a reversal of the judgments of the Court of Civil Appeals and of the district court for error in the court's charge on the burden of proof in relation to contributory negligence. The court charged the jury as follows:

"The burden of proof is upon the plaintiff to establish the facts necessary to a recovery by him by a preponderance of the evidence. The burden of proof is upon the defendant to establish to your satisfaction the contributory negligence of the plaintiff."

These two charges are found at the close of the court's charge and are given in the same connection. In this case the plaintiff sought recovery from the defendant, plaintiff in error, for an injury alleged to have been received by reason of the negligence of defendant while plaintiff was its servant. The defendant pleaded contributory negligence.

The Court of Civil Appeals held that while the charge on the burden of proof as to contributory negligence was erroneous, yet it was not such an error as called for a reversal of the cause. 162 S. W. 965.

Defendant in error was injured while he was assisting in loading iron pipe at the place of business of the defendant. The question of contributory negligence arises with reference to whether or not it was negligence on the part of the defendant contributing to his injury for him to get into the wagon on which the pipe was being loaded. The evidence is conflicting on this issue. The plaintiff testified that he got into the wagon on the order and under the direction of defendant's manager, while the manager denied directing or instructing him to get into the wagon, and another witness who was present testified to facts tending to corroborate the manager that no directions were

given to the plaintiff to get into the wagon. There is evidence in the record to the effect that it was neither proper nor necessary for the plaintiff to be in the wagon into which the pipes were being loaded.

The Court of Civil Appeals in its opinion says that the plaintiff "was in the wagon by the orders of his foreman," also that he "was not experienced in loading pipe of the kind described," and that "he did not know its weight, and did not realize the danger of obeying the order to get in the wagon"; further, that "the evidence of appellee did not tend to show contributory negligence. He was an inexperienced man, and was acting under the orders and immediate supervision of his foreman."

On motion for rehearing the Court of Civil Appeals states that there was no evidence of contributory negligence unless getting in the wagon was contributory negligence. That act was either commanded by the superintendent, or he permitted an inexperienced boy to do a thing which he knew was dangerous. In either event, appellee was not guilty of contributory negligence.

[1] If we are bound by the above findings of the Court of Civil Appeals, it follows that even though it may have been erroneous, abstractly, to give the charge in question on the burden of proof with reference to contributory negligence, yet such error would be immaterial, and would not call for a reversal of the cause, since no injury to the defendant could have resulted therefrom. However, we are of opinion that we are not bound by these findings of the Court of Civil Appeals, it being a question of law as to whether contributory negligence is raised by the evidence.

[2] By an unbroken line of decisions the charge complained of has been declared erroneous by the courts of this state, and has been declared to be equivalent to a charge calling for a finding beyond a reasonable doubt by the jury on the issue. Baines v. Ulmann et al., 71 Tex. 537, 9 S. W. 543; Ry. Co. v. Matula, 79 Tex. 582, 15 S. W. 573; Ry. Co. v. Harriett, 80 Tex. 82, 15 S. W. 556; Ry. Co. v. Bartlett, 81 Tex. 43, 16 S. W. 638; Emerson v. Mills, 83 Tex. 388, 18 S. W. 805; Willis & Bro. v. Chowning, 90 Tex. 625, 40 S. W. 395, 59 Am. St. Rep. 842.

[3] We have made a very careful and cautious examination of the statement of facts, and are unable to find any evidence justifying the conclusion that the plaintiff was "an inexperienced boy." All through the statement of facts defendant is treated as a man and is so called. The only facts discovered which might justify a conclusion that he was a boy is that contained in the testimony of Dr. T. T. Parker and Charles M. Cain. Dr. Parker testifies:

"The phone message came from Mr. Fussell's office. He said this was a friend of his, and he wanted me to go out there. I know he knew the plaintiff very well. He told me these were good people and friends of his, and his brother had employed him before to treat the boy's mother. He told me the boy had a couple of physicians to treat this man the first time, and he said he wouldn't come back unless he was sent for. I told him I wouldn't go if it was his case, and he said it wasn't. He was simply sent out there by the company to set this man's leg."

Here the doctor uses the word "boy" twice, but he likewise refers to the injured plaintiff twice as "this man." It is believed that, under this statement, the testimony of the doctor cannot be construed to have application to "an inexperienced boy," but rather that he uses the word "boy" in that more general sense which may be applied either to man or boy.

Cain in his testimony on cross-examination refers to the plaintiff as "boy," but he also refers to him as "man." There is nothing in Cain's testimony which would justify the conclusion that he was testifying about "an inexperienced boy." The testimony of the plaintiff himself is to the effect that he had been working for the defendant about eight months or more hauling different stuff, such as pipe, galvanized iron, corrugated iron, and tin plate.

There is evidence in the record which might be considered by the jury as showing that the plaintiff had knowledge of the danger attendant upon his presence in the wagon into which the pipe was being loaded. It is apparent from the record that the plaintiff had, prior to getting into the wagon, assisted in rolling the iron pipe on skids, assisted by two other laborers, up to the edge of the wagon. He was shown to have handled other piping and other class of metals. The jury might have drawn the conclusion that he knew that this pipe was very heavy, and that he knew there was danger in allowing it to fall from a distance of 18 inches to 3 feet into the wagon while he too was in there. The evidence on this issue is conflicting. The evidence as to whether or not he ought to have been in the wagon as a part of his duty is also conflicting. The facts with reference to whether he voluntarily entered the place where he was injured or did so under command of a superior for whose act the defendant might be chargeable, is also sharply conflicting. The issue of contributory negligence is fairly raised by the evidence.

From all the facts and circumstances presented by the record, a question of fact to be determined by the jury was presented with reference to the contributory negligence of the plaintiff.

A careful consideration of the testimony shows that there was a conflict in the evidence, and a sharp issue drawn before the jury, as to whether the plaintiff was an independent contractor, or the employé of and

acting for an independent contractor, or whether he was in the service of the defendant so as to give rise to the relationship of master and servant. The evidence on the question of the negligence of the defendant is also conflicting. In view of the record, it was a very material matter to the defendant to have the issue of contributory negligence properly presented to the jury for its consideration.

[4] We are of opinion that this is not a case in which the error complained of can be called purely academic, or that the complaint made by the defendant can be denominated technical. Under our view of the established holdings of our courts and the fixed rules of construction, the charge on the burden of proof in this case, as applied to the defendant's defense of contributory negligence, is such error as deprives the defendant of a substantive legal right; and in view of the fact that it is coupled with and immediately follows the charge on the burden resting upon the plaintiff, intensifies the error.

The Court of Civil Appeals seeks to justify its holding that the error is immaterial by calling to its aid rule 62a (149 S. W. x).· While we are not cognizant of any direct expression by the Supreme Court with reference to the scope or to the limitations which should be given to rule 62a, yet, in view of the holdings of the Supreme Court in construing rules 24, 25, and 26, as announced in Land Co. v. Mc-Clelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105, we are impressed that this rule is not intended to change, modify, or destroy the law which controls in the determination of questions of this character.

However, should we view the rule in the light of the opinion announced by the honorable Court of Civil Appeals in this case, we cannot accede to the application which it has made of the rule.

With reference to contributory negligence as presented by this record, it is one of the vital issues to be determined. The defendant without question had the right under the law to have this issue presented in accordance with the established rules of law. It is an impossibility for the appellate courts to determine what moves the minds of 12 men sitting as jurors in drawing conclusions from the evidence, and it is not fair to the jurors to assume that they are ignorant or incapable of understanding the meaning and effect of the language used by the court in submitting to them the rules of law that should govern them in their determination of the quantum of proof necessary to establish an issue. It strikes us that it is rather more in line with correct reasoning to hold that the jurors are capable of understanding the court's charge, since otherwise they could not comply with their oaths, wherein they swear that they will render a correct verdict according to the law and the evidence. They receive the law from the court and must be governed thereby. In order to comply with their oaths, they must at least endeavor to follow to the very best of their ability and to the limit of their understanding the rules which the court prescribes for their government in determining the issues which are presented. Even though the courts may be of the opinion, or might feel, that the jury was incapable of drawing those rather close distinctions which the more experienced mind of the trained student could, yet we are bound by the rules of law to concede to the jurors that right and that ability. Every man is presumed to know the law, and, while this may be a rather far-fetched presumption, yet it is one which the courts are compelled to recognize. It is, therefore, in the opinion of this court, in consonance with the rules of law and good sound reasoning to adhere to the proposition that the jury correctly interprets the meaning of the court's charge, and that they, in the exercise of their, sovereign power as jurors in passing upon the evidence and in determining the issues presented, permit the direction of the law to govern them in their deliberations.

Such being our conclusion, how can we get away from the proposition that injury is shown where the court in one breath says to the jury the law authorizes you to find on certain facts supporting an action by a simple preponderance of the evidence, and yet on certain other facts vital to a defense you must be satisfied, convinced, and must find beyond a reasonable doubt before you can act. We prefer to concede to the jury not only integrity, but intelligence, and therefore must hold that they understood the court's charge in the instant case to require them to find beyond a reasonable doubt that the plaintiff was guilty of contributory negligence before they could give it the benefit of its defense.

If we are correct in thus concluding, then does it not appear affirmatively from the record that injury must have resulted to the defendant by reason of the court having deprived it of its legal right to have defense established by a preponderance rather than by a greater quantum of proof?

While it may be advisable to reach a determined settlement of litigation, yet this court has been created for the purpose, and the incumbent duty rests upon it to hold in check that tendency which may exist to diverge from the strict rules of law governing substantial rights. It may be permissible, and in our opinion is, to be more liberal in those matters which are purely technical and are not substantive; but, no matter how much we may feel inclined to exercise liberality with reference to rules of procedure which do not deal with substantive

rights, it is not the province of this court to legislate, and, therefore, in bowing to the will of the law as it is written and as it has been pronounced by the wisdom of those who have had its interpretation, we are but acting within the demands of duty. Until the Legislature sees fit by its pronouncement to voice the purpose of the people to change the law on matters of the character here presented, we feel that this court is without power to do otherwise than adhere to and follow the law.

We are therefore of the opinion that the District Court erred in giving the charge in question, and that the Court of Civil Appeals erred in affirming the judgment, and that the judgment of each of said courts should be reversed and the cause remanded for a new trial.

PHILLIPS, C. J. The judgment as recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*For opinion on rehearing, see 208 S. W. 992.