72 U.S. 338
 18 L.Ed. 603
 5 Wall. 338
 FRANCIS
v.
UNITED STATES.
 December Term, 1866
 
 ERROR to the Circuit Court of the United States for the District of Missouri.
 The record showed a libel of information against certain bales of cotton marked C. S. A., as belonging to persons in insurrection against the United States, and the confiscation of which was demanded under the act of 6th August, 1861, entitled 'An act to confiscate property used for insurrectionary purposes.' [For the sake or distinction this case was numbered 939.] The act just referred to provides (by its third section, which indicates the persons who may institute proceedings)——
 'That the Attorney-General or any District Attorney of the United States in which said property may at the time be, may institute the proceedings of condemnation; and in such case they shall be wholly for the benefit of the United States. Or any person may file an information with such attorney, in which case the proceeding shall be for the use of such informer and the United States, in equal parts.'
 The order for the detention of the cotton was dated 18th October, 1862, and recited that it appeared, on the return of a warrant of arrest issued in case No. 934, that the marshal had previously arrested the said property. He was therefore ordered to detain it to answer the information now filed in No. 939. During the month of November and December some three or four claimants came forward and were permitted to file their several claims, take exceptions, plead and take issue as to ownership of the cotton.
 On the 22d of January, 1863, the plaintiff in error, Franois, for the first time appeared and filed a petition, not as owner or claimant of any portion of the cotton, but 'that he may be admitted to appear in said case No. 939, as a party to the record as informer.'
 His petition set forth, as a foundation of his claim, that he gave information to the Board of Trade at Memphis on the 2d October, 1862, and also sent a written statement to R. S. Howard, collector of the port of St. Louis, containing information on which the said cotton was seized by the said collector in the case No. 934, and on the 10th October filed an information in writing with the District Attorney, upon which information the said cotton was subsequently libelled in case No. 939.
 The District Attorney moved to strike this petition from the files of the court. The motion was overruled, and the petitioner was allowed to make proof of his right to be admitted as informer. A hearing was then had by witnesses, ore tenus, before the court, by request of the proctor of Francis.
 Mr. Howard, collector of the port, resisted the claim of the petitioner. After hearing witnesses the petition was dismissed, and the petitioner ordered to pay costs.
 A jury was afterwards ordered to try the issues of facts as to the ownership of the several claimants, and their verdict was, 'That the allegations in the libel are true, and that we find for the United States.' After divers motions for a new trial and in arrest of judgment, a decree was entered for the government. In this trial of the issue by the jury, and the judgment of the court thereon, Francis, the plaintiff in error, was of course no party on the record; his petition to become such having been refused, and he having acquiesced in that decree of the court without appeal. However, the next entry in the record was, that on the 9th day of June, 1863, 'The claimants herein, and the petitioner Francis, filed in the clerk's office their bill of exceptions in the case.' Why exactly the court permitted Francis thus to place himself on the record, was not clearly explained. However, the record showed an exception to the charge sealed in his part of the case:
 'Whereupon the court declared the law to be, that the taking of said written statement, by the said Francis, to the United States Attorney, at the request of said Howard, after the same had been addressed to the surveyor of the port, and delivered to said surveyor, did not constitute the said Francis an informer under the act of 6th August, 1861.'
 The question here was accordingly the correctness of this view of the court below, as stated in this exception.
 The case was submitted by Messrs. Knight and Krum, for Francis, the plaintiff in error, and by Mr. Stanbery, A.-G., and Mr. Ashton, Assistant A.-G., contra.
 Mr. Justice GRIER delivered the opinion of the court.
 
 
 1
 Although the consideration of this case might be dismissed, as the plaintiff in error is no party to the record, yet it may not be improper to notice the decision of the court below as stated in the exception taken.
 
 
 2
 In reference to that, it is to be observed, that the proceedings in this case were not instituted for the joint benefit of the informer and the United States. Francis did not offer to interpose in the case till three months after the proceedings had been instituted 'wholly for the benefit of the United States,' after issue joined with the claimants on proof furnished by others. An unofficial informer is liable for costs and damages in case of judgment in favor of the claimants. The informer should come forward and have the information made in his own name. He cannot thus intrude himself on the record after the case is prepared and about to be tried by a jury, and when a condemnation is imminent, and when he has avoided responsibility for costs in thus keeping back. If the claimants had succeeded they could have no judgment against the United States for costs, nor against him as not being a party to the suit.
 
 
 3
 The information given to the collector of the port is under the act of July 13, 1861, which is an act for the collection of duties on imports. By the supplement of May 20, 1862, to that act, the penalties are to be distributed according to the 91st section of the act of March 2, 1799, an act to regulate the collection of duties on imports.
 
 
 4
 Now, the act of August 6, 1861, differs entirely in its scope and character from that of July 13th, in the same year. It is not an act for the collection of revenue. The collector of customs is not the seizing officer, nor as such entitled to a share in the fines and penalties inflicted by the act and its supplement.
 
 
 5
 In this case the property is seized as liable to capture; and it is made the duty of the President to cause 'the same to be seized.'
 
 
 6
 The act for regulating process in the courts of the United States, passed May 8, 1792, sections 5 and 6, provides for the taxation and payment of costs by informers.
 
 
 7
 So the act of 28th of February, 1799, section 8, providing for compensation of marshals, &c., provides for cases of informers on penal statutes, as to payment of fees and costs.
 
 
 8
 All the laws on the subject are based upon the supposition that the informer should be a party to the original proceeding. He cannot thrust himself into a proceeding instituted by the Attorney-General, for the sole use of the government, when it is resisted by such officer, who denies all his allegations, and refuses any further partnership with him.
 
 
 9
 Even if the plaintiff in error had been a party to the litigation, which he was not, and entitled to be heard, it is evident that he could not support his case.
 
 
 10
 JUDGMENT AFFIRMED.