LEONARD R. CAMPBELL, County Treasurer,

*vs.*

JAMES R. BURNS.

Knox.     Opinion May 11, 1900.

*Constitutional Law. Lobsters. Measurement. Evidence. Burden of Proof.*
*Stat. 1897, c. 285.*

Section 39 of Chapter 285 of the Public Laws of 1897, imposing a penalty of five dollars for each lobster less than ten and one-half inches in length found in the possession of any person, is not repugnant to section 9, Article 1 of the Constitution of this State which prohibits the imposition of excessive fines and penalties.

In an action to recover the penalty provided by this statute, it is no ground of defense that the officer who searched for and seized lobsters less than legal length did so without warrant or authority; nor is it any ground of defense to such action that the officer making a seizure of such lobsters, omitted to cause the lobsters, which he is not required in law to liberate, to be appraised and sold and to file a libel for a forfeiture both of the property so seized and sold, and the proceeds of the sale thereof, as authorized by section 47 of said act.

The plaintiff alleged that the defendant had in his possession one hundred and three lobsters, each less than ten and one-half inches in length, and introduced testimony to the effect that this number of lobsters, all plugged with wood, and each less than ten and one-half inches in length, were found in the defendant's car, and that they were seized by a fish warden, and a portion of them, if not all, were liberated alive by him in George's River between Gay's Island and Caldwell's Island, the distance between said islands being about half a mile. The defense contended that the lobsters were not properly and fairly measured, and introduced a witness who testified that, within a day or two after the lobsters were liberated, he caught a number of lobsters "out around the point of Gay's Island," and offered to prove by him that the lobsters so caught by him were of legal length. *Held;* that this testimony was properly excluded by the presiding justice.

The lobsters for which the penalty is sued were all found in the upper compartment of the defendant's car, which car contained five compartments, one above the other. The defense offered to prove that the lobsters remaining in the defendant's car were, within a few days after the seizure, sold in Portland and examined by a fish warden and all found to be at least ten and one-half inches in length. *Held;* that such testimony was properly excluded.

The presiding justice instructed the jury as to the degree of proof as follows: "I instruct you that in order to hold the defendant responsible you must be fully satisfied that he had in his possession at the time and place referred to some lobsters, at least less than ten and one-half inches in length. You must be fully satisfied as reasonable men. Not unreasonable in your judgment, not frivolous in your judgment, not partial or biased, but as reasonable men, looking at the matter and the evidence in a reasonable manner, you must be fully satisfied of the fact." *Held;* that the instruction was sufficiently favorable to the defendant.

The presiding justice instructed the jury, as to the method of measuring lobsters, as follows: "I instruct you that in contemplation of that statute (Sec. 39, Ch. 285, P. L. 1897) the lobster should be laid upon its back and extended upon the measure to the end of the tail, . . . . that any other way, as by lifting the end of the flipper, is not in contemplation of the law."

*Held;* that the instruction thus given is in accord with the terms of the statute.

In a civil suit to recover a penalty the guilt of the defendant need not be proved beyond a reasonable doubt.

*State* v. *Lubee,* 93 Maine, 418, affirmed.

ON EXCEPTIONS BY DEFENDANT.

Action of debt brought under chapter 285, statute of 1897, to recover the penalty of five dollars for each and every lobster less than ten and one-half inches in length, alleged to have been found in the possession of the defendant, to the number of 103, amounting in all to $515. The verdict was for the plaintiff for the sum of $250.

The evidence at the trial showed that the one hundred and three lobsters seized were all plugged with wood and were afterwards liberated alive in George's river, a portion of them at least, if not all, between Gay's Island and Caldwell's Island, the distance between said islands being about a half mile.

At the trial the defense claimed that the lobsters seized were of sufficient length, but were unfairly and illegally measured.

The defendant took exceptions to the ruling of the court upon matters of evidence, to the failure to give requested instructions and several instructions given to the jury, which with the facts of the case, are found in the opinion.

*C. E. & A. S. Littlefield*, for plaintiff.

Constitutional law : *Thorpe* v. *Rutland R. R. Co.*, 27 Vt. 150; *Beer Company Case*, 97 U. S. 33; *Boston & Maine R. R.* v. *Co. Com.* 79 Maine, 394; *Haverty* v. *Bass*, 66 Maine, 71; *State* v. *McCann*, 59 Maine, 383; *Cole* v. *Co. Com.* 78 Maine, 538; *State* v. *Miller*, 48 Maine, 581; *State* v. *Plunkett*, 64 Maine, 537.

The requested instruction is a speculative question of law not relating to the case on trial. *Gilbert* v. *Woodbury*, 22 Maine, 246. The exceptions do not state the facts upon which the requests were based.

Penalties not excessive : *State* v. *Craig*, 80 Maine, 88.

*D. N. Mortland and M. A. Johnson*, for defendant.

Testimony having a tendency to prove the issue is admissible for the consideration of the jury. *State* v. *McAllister*, 24 Maine, 139; *Trull* v. *True*, 33 Maine, 367; *State* v. *Witham*, 72 Maine, 531. The evidence of the fraud of the commissioner in measuring lobsters that he threw away, if any existed, had been destroyed; and no direct evidence could be produced, except the surrounding cir-

cumstances connected with the whole transaction. The evidence of the plaintiff does not show other lobsters had been plugged in that vicinity.

The constitutionality of this law affects the proceedings in this case, because the state has no authority to use unlawful means to accomplish lawful ends.

The officer is given, by the statute, discretionary powers to pursue one method or the other. He may simply seize the illegal lobster and stop there, and prosecute or sue for the penalty; or he may under the provisions of section 47, seize the car and all the lobsters in it; but he must pursue one method or the other, not both or a part of each. There can be but one penalty for the same offense, unless as in the liquor law, the same fact may by statute amount to another offense. But it is not so here. The offender may be prosecuted by either of the methods provided by law, either by seizure and libel or by prosecution direct for the offense, but not by both, or part of each, as above said. 1 Bishop, Crim. Proc. pp. 89 and 92. The state having selected one method and entered upon it, that one and no other can be resorted to, and that one must be pursued to the end.

Excessive fines shall not be imposed. There must be a limit somewhere. It is excessive to impose a fine of five dollars on a person having in his possession a lobster worth three or four cents, which he believed to be of lawful length ; or even if he did know it was not.

Burden of proof: In a civil action where a criminal act is so set out in the pleadings as to raise that distinct issue before the jury, the crime charged must be proved beyond a reasonable doubt before the plaintiff is entitled to a verdict. *Sinclair* v. *Jackson*, 47 Maine, 103; *Hobbs* v. *Monmouth Ins. Co.*, 35 Maine, 227 ; *Thayer* v. *Boyle*, 30 Maine, 475.

SITTING: EMERY, HASKELL, WISWELL, STROUT, FOGLER, JJ.

FOGLER, J. This is an action of debt brought in the name of the treasurer of Knox County, as plaintiff, against the defendant

for an alleged violation of section 39 of chapter 285, Public Laws of 1897, which is as follows:

Sec. 39. "It is unlawful to catch, buy or sell, or expose for sale, or possess for any purpose, any lobster less than ten and one-half inches in length, alive or dead, cooked or uncooked, measured in manner as follows: Taking the length of the back of the lobster, measured from the bone of the nose to the end of the bone of the middle flipper of the tail, the length to be taken with the lobster extended on the back its natural length; and any lobster shorter than the prescribed length when caught, shall be liberated alive at the risk and cost of the parties taking them, under a penalty of five dollars for each lobster so caught, bought, sold, exposed for sale, or in the possession not so liberated. The possession of mutilated, uncooked lobsters shall be prima facie evidence that they are not of the required length."

The declaration avers that on the 7th day of July, A. D. 1898, at Cushing in the county of Knox, the defendant possessed, and was then and there in possession of, one hundred and three lobsters each less than ten and one-half inches in length. The one hundred and three lobsters which the plaintiff claimed were less than ten and one-half inches in length were found in the defendant's car which was divided into five compartments, one above the other. There were in the car about thirty-five hundred lobsters, all of which were plugged with wood. The one hundred and three lobsters in question were all taken by a fish warden from the two upper compartments of the car and were liberated alive in George's River,—a portion of them, if not all,—between Gay's Island, and Caldwell's Island, the distance between said islands being about half a mile. The defense contended that the lobsters so taken and liberated were all of lawful length and that they were unfairly and illegally measured by the warden. The verdict was for the plaintiff for the sum of two hundred and fifty dollars. The case comes here upon exceptions by the defendant to the exclusion by the presiding justice of testimony offered by him, to the refusal of the presiding justice to give certain instructions requested by the defendant, and to several instructions given to the jury by the presiding justice.

I. The defendant's counsel requested the presiding justice to instruct the jury that the penalty imposed by statute under which this action is brought is not proportional to the offense charged, but is excessive, and for that reason is repugnant to Section 9 of Article I of the Constitution of this state, and void, and that this action is not, therefore, maintainable. The presiding justice refused to so instruct the jury, and gave the instruction that the statute is constitutional and valid. This instruction is fully sustained by this court in the recent case of *State* v. *Lubee*, 93 Maine, 418, in which it is held that this statute is not in contravention of the constitutional provision above referred to.

II. Section 27 of the statute above referred to (Ch. 285, P. L. 1897) provides that, "the commissioner of sea and shore fisheries and fish wardens may, with or without warrant, enter upon any vessel, boat, receptacle for fish, or any place or places used therefor, and seize and carry away all fish liable to seizure found therein, and may, with or without warrant, search any car or pound used for the keeping of fish, and seize and carry away all fish liable to seizure found therein, the fish in each case to be disposed of according to law".

The defendant's counsel requested the presiding justice to instruct the jury, in substance, that the provisions of such section are void because repugnant to Section 5 of Article I of the Constitution of this State, which is as follows: "The people shall be secure in their persons, houses, papers and possessions from all unreasonable searches and seizures; and no warrant to search any place, or seize any person or thing, shall issue without a special designation of the place to be searched, and the person or thing to be seized, nor without probable cause—supported by oath or affirmation;" and that the search of the defendant's car and the seizure of his lobsters were illegal, and that this action to recover the penalty imposed by § 39 of the statute cannot, for that reason, be maintained. The presiding justice properly declined to give such requested instruction. The issue was whether the defendant, at the time and place named in the declaration, had in his possession lobsters less than ten and one-half inches in length. The

solution of that question depended, in no degree, upon the legality or illegality of the acts of the officers. The two sections of the statute, sections 27 and 39, have no connection with or dependence upon each other. One imposes a duty upon the officers, the other imposes a penalty upon the infractor. No search or seizure was required to render the defendant liable for the penalty imposed by the statute. If there had been no search or seizure he would be liable upon proof of his violation of the statute. If the officers acted unlawfully, and the defendant is injured by their unlawful acts, he has a remedy against them as he would have against any other wrong doer.

III.   Section 47 of Chapter 285, P. L. 1897, provides that when any lobsters are seized by virtue of the provisions of that act, it shall be the duty of the officer making such seizure, to cause the lobsters so seized, as he is not required by law to liberate, together with the cars, traps, etc., in which they are contained, to be appraised and sold, and to file a libel in behalf of the state before some trial justice or police or municipal judge of the county for the forfeiture of the property so seized and sold and the proceeds of the sale thereof.

The counsel for the defendant requested the presiding justice to give the jury the following instruction: "If you find, as matter of fact, that the officer in this case actually seized the car and all that was in it and carried it ashore, he was bound in law to pursue the provisions of that statute to the end unless prevented from doing so from causes not under his control. And if you find that the officer seized the car and all that was in it and carried it away, and abandoned it and did not pursue the provisions of law by having it appraised and sold, this action cannot be maintained." The presiding justice refused such instruction, and to such refusal the defendant excepts.

The exception cannot be sustained. As stated above with reference to sections 27 and 39 of the statute, sections 39 and 47 are separate and distinct enactments, neither having any connection with or dependence upon the other. The one provides for proceedings in rem against the property, the other imposes a penalty upon the

person. If the officer had proceeded to procure a forfeiture of the car and its contents, it would have constituted no defense to this action. Certainly, his failure to proceed in rem can be no defense. The case is similar in principle to that of intoxicating liquors kept for illegal sale. The statute provides for the forfeiture of liquors so kept and also for the punishment of the keeper of the liquors. As stated by APPLETON, C. J., in *State* v. *McCann*, 61 Maine, 116, in which the respondent was charged with keeping intoxicating liquors intended for illegal sale which were seized without a warrant: "The objection that the proceedings should have been solely in rem is not available. The proceedings were originally against the person and the thing. A severance is made by law and in the proceedings against the person, it is immaterial what has been done with the things."

IV. The defense introduced a witness who testified that, a day or two after the lobsters here in question were liberated, he caught at different times fifteen,—possibly a few more,—plugged lobsters, "out around the point of Gay's island as you go towards Caldwell's". The defendant's counsel then asked the witness whether he measured the lobsters so caught, and also whether he was aware of any other plugged lobsters that had been seized in that vicinity at that time. Upon objection by the plaintiff the presiding justice excluded both questions and the defendant excepts.

It is obvious that unless the lobsters caught by the witness were a portion of the identical lobsters taken from the defendant's car and liberated by the warden, the testimony excluded was irrelevant and inadmissible. Were the lobsters caught by the witness sufficiently identified to render the testimony admissible? We think not. Neither the place where the lobsters were liberated, nor the place where those caught by the witness were taken, definitely appeared. That the lobsters caught by the witness were plugged affords no identification in view of the common practice of fishermen to plug their lobsters. We are of opinion that the testimony did not so connect the lobsters caught by the witness with those seized and liberated, as to render the excluded testimony admissible.

V. The defendant offered testimony to prove that within a day

or two after the seizure the remaining lobsters in the car were sold and examined by a fish warden in Portland and all found to be at least ten and one-half inches in length. To the exclusion of such testimony by the presiding justice the defendant excepts. The testimony offered was clearly inadmissible. That the lobsters remaining in the two upper compartments of the car from which the officers had removed the lobsters, which he found to be of less than the required length, were of legal length, could certainly have no tendency to prove that the lobsters seized therefrom were of legal length. If the lobsters in the remaining compartments were all of legal length, non constat that the lobsters seized by the officer were of that length.

VI. The defendant excepted to the following instruction given to the jury by the presiding justice: "Suggestion has been made that the fish commissioner, who has been a witness, has an interest and, therefore, is biased and worthy of less credibility as a witness upon the stand than he would if he had no interest; but I want to say to you that I know of no reason under the statute as it now reads why a fish commissioner may not settle or collect penalties for the violation of this law without suit, if the parties can agree upon the number." No facts appeared in the exceptions tending to show the pertinency or want of pertinency of this instruction. We perceive no error in the instruction, especially as the presiding justice further instructed the jury, as appears by the charge which is printed as part of the case, "I have this to say, that, so far as you discover anything in the testimony of the fish commissioner, in his appearance, or in what he said or what he has written which tends to throw discredit upon him as a witness, you will give it such weight as it is entitled to."

VII. The defendant excepts to the following instruction: "In this case, so far as the result of the legal premises is concerned, there is no fine and no imprisonment. There would be an execution issue as upon a judgment arising in any other civil suit. But, at the same time, it is a process to enforce a penalty for a violation of criminal law, and I instruct you that in order to hold the defendant responsible you must be fully satisfied that he had in his posses-

sion at the time and place referred to . . . . some lobsters, at least less than ten and one-half inches in length." In this connection the presiding justice further instructed the jury: "You must be fully satisfied as reasonable men. Not unreasonable in your judgment, not frivolous in your judgment, not partial or biased, but as reasonable men, looking at the matter and the evidence in a reasonable manner, you must be fully satisfied of the fact."

We think the full instruction is as favorable to the defendant as he is entitled to and in accord with the law as settled in this state. The instruction to which the exception is taken was substantially that the jury must be satisfied beyond a reasonable doubt that the defendant had violated the statute. "By satisfactory evidence, which is sometimes called sufficient evidence, is intended that amount of proof which ordinarily satisfies the unprejudiced mind beyond a reasonable doubt." 1 Greenl. Ev. § 2. In *Abbey* v. *Rapalye*, 1 Hill, 9, the plaintiff charged the defendant with usury, a criminal offense. The plaintiff requested the court to instruct the jury that usury must be proved beyond a reasonable doubt. The presiding judge refused such request and instructed the jury that the proof must be such as to satisfy the jury of the fact. It was held that the instruction given was identical with that requested.

It was formerly the rule in England, for reasons stated by BARROWS, J., in *Ellis* v. *Buzzell*, 60 Maine, 213, that when, in a civil suit, a party was charged with a criminal act, his guilt must be proved beyond a reasonable doubt; and this rule was naturally followed in the early cases in this country although the reason for the rule did not exist here. Such rule was held to apply in *Hobbs* v. *Monmouth Ins. Co.*, 35 Maine, 227, and in *Thayer* v. *Boyle*, 30 Maine, 475. That rule is not now in accord with the weight of modern decisions in this country which hold that in a civil suit it is sufficient to prove a criminal offense, like any other fact in issue, by a preponderance of evidence, discarding the doctrine of reasonable doubt in civil actions.

In *Ellis* v. *Buzzell*, supra, this court adopted the rule above laid down. The court says in that case: "We think it time to limit

the application of a rule, which was originally adopted in favorem vitæ in the days of a sanguinary penal code, to cases arising on the criminal docket, and no longer to suffer it to obstruct or incumber the action of juries in civil suits sounding only in damages." The court, in the same case, after laying down the rule that the party charging the opposite party with a criminal act must furnish evidence enough to overcome in the minds of the jury the presumption of innocence and the opposing evidence, continues as follows: "But to go further and say that this shall be done by such a degree and quantity of proof as shall suffice to remove from their minds every reasonable doubt that might be suggested, is to import into the trial of civil cases, between party and party, a rule which is appropriate only in the trial of an issue between the state and a party charged with crime and exposed to penal consequences if the verdict is against him."

The rule thus stated in *Ellis* v. *Buzzell*, is followed in *Decker* v. *Somerset Mut. Fire Ins. Co.*, 66 Maine, 408. The case of *Sinclair* v. *Jackson*, 47 Maine, 103, and *Knowles* v. *Scribner*, 57 Maine, 495, tend towards the same rule.

The case of *Roberge* v. *Burnham*, 124 Mass. 277, is identical in principle with that at bar. That was an action to recover a forfeiture, provided by statute for the sale of intoxicating liquors to a minor. It was held that, though the action, like all penal actions, partakes somewhat of the nature of punishment, nevertheless, being a civil suit, the guilt of the defendant need not be proved beyond a reasonable doubt.

Among other numerous authorities sustaining the rule we have herein laid down are, *Schmidt* v. *N. Y. Mut. Fire Ins. Co.*, 1 Gray, 529 ; *Gordon* v. *Parmalee*, 15 Gray, 413 ; *Matthews* v. *Huntley*, 9 N. H. 150 ; *Folsom* v. *Brown*, 25 N. H. (5 Foster) 114 ; *Bradish* v. *Bliss*, 35 Vt. 326 ; *Weston* v. *Gravlin*, 49 Vt. 507 ; *People* v. *Briggs*, 114 N. Y. 64 ; *Allen* v. *Allen*, 101 Id. 658 ; *Jones* v. *Greaves*, 26 Ohio, 2 ; *Watkins* v. *Wallace*, 19 Mich. 57 ; *Elliott* v. *Van Buren*, 33 Mich. 49 ; *Peoples* v. *Evening Star*, 51 Mich. 11 ; *Poertner* v. *Poertner*, 66 Wis. 644.

VIII. The defendant further excepts to the following instruction

to the jury by the presiding justice as to the rule to be observed in the measurement of lobsters: " I instruct you that in contemplation of that statute the lobster should be laid upon its back and extended upon the measure to the end of the tail, the back all being made of joints so that it can naturally and readily lie down, or be laid down upon the board; that any other way, as by lifting the end of the flipper, which I believe it is said has the tendency or effect of lengthening the lobster, is not in contemplation of the law ".

The rule was correctly stated. The statute under which this action is brought prescribes the following rule as to measurement, viz: " Taking the length of the lobster measured from the bone of the nose to the end of the bone of the middle flipper of the tail, the length to be taken with the lobster extended on the back its natural length."

This can have no other meaning than the lobster is to be extended on the back from the bone of the nose to the end of the bone of the middle flipper of the tail.

*Exceptions overruled.*