POOLER v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. January 21, 1904.)

No. 496.

1. UNITED STATES—SUIT BY AT COMMON LAW—JURISDICTION OF DISTRICT COURT.
   Rev. St. § 563, par. 4 [U. S. Comp. St. 1901, p. 456], confers on the District Court jurisdiction of an action by the United States to recover money fraudulently obtained by defendant in payment of a false claim for a pension.

2. SAME—CUMULATIVE REMEDY GIVEN BY STATUTE.
   The right of the United States to sue for recovery of money obtained from it by means of a fraudulent claim is one existing at common law, and the remedy by penal suit given by Rev. St. §§ 3490–3494 [U. S. Comp. St. 1901, pp. 2328, 2329], is cumulative, and not exclusive.

3. FEDERAL COURTS—RULES OF EVIDENCE—FOLLOWING STATE PRACTICE.
   The present rule in Maine, settled by the later decisions, that in civil suits the fact that the alleged right of recovery is grounded on an act of defendant which constitutes a crime, does not require any different measure of proof from that required in ordinary suits, applied.

In Error to the District Court of the United States for the District of Maine.

David D. Stewart, for plaintiff in error.

Isaac W. Dyer, U. S. Atty.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a civil action, brought in the District Court for the District of Maine, arising out of the same fraud to which the indictment in Daniel H. Pooler v. United States (471 on the docket of this court) 127 Fed. 509, relates. The United States now claim to recover of Pooler the amounts which he wrongfully received as alleged pensioner under the facts appearing in the indictment referred to. The verdict and judgment were for the United States,

¶ 3. Federal courts following state practice as to rules of evidence, see note to O'Connell v. Reed, 5 C. C. A. 594.

and Pooler took out this writ of error. The alleged errors appear by the assignment thereof, as follows:

"(1) That this, being confessedly an action at common law, cannot be maintained in this court for want of jurisdiction.

"(2) That by sections 3490, 3491, 3492, 3493, and 3494 of the Revised Statutes [U. S. Comp. St. 1901, pp. 2328, 2329], Congress has provided the mode and manner in which this pension money, if received by the defendant as the plaintiffs contend, could be recovered back; that this remedy provided by act of Congress is exclusive, and must be followed; and that this action at common law cannot, therefore, for that reason also, be maintained.

"(3) That under the act of Congress of December 21, 1893, c. 3, 28 Stat. 16 [U. S. Comp. St. 1901, p. 3270], the plaintiffs having offered no evidence that the defendant's pension certificate had been annulled or vacated, or in any manner affected or modified, under the provisions of that act, that no action could be maintained to recover back pension money paid under a pension certificate.

"And the said defendant says the learned District Court erred in not giving the foregoing instructions to the jury, and in declining to direct a verdict for said defendant upon the grounds and for the reasons above set forth.

"(4) And the said defendant further says that the learned District Court erred in refusing to instruct the jury that, as the ground upon which the plaintiffs claimed to recover in this action involved the commission of a crime on the part of said defendant, the plaintiffs must prove it beyond a reasonable doubt.

"And erred in giving them the affirmative instruction that the plaintiffs would be entitled to recover upon a preponderance of the evidence, as is the rule in other civil suits."

The propositions of the plaintiff in error do not strike us as troublesome. That which relates to the act of December 21, 1893, has been disposed of on the writ of error to the judgment of the District Court on the indictment to which we have referred. The plaintiff in error claims not only that this is an action at common law, but that the federal courts have no jurisdiction, except what is conferred by the statutes of the United States. Both these propositions are correct; but full jurisdiction is given the District Court by section 563, par. 4, of the Revised Statutes [U. S. Comp. St. 1901, p. 456]—a provision of law which has been recognized by the Supreme Court several times, the last on which we put our hand being United States v. Sayward, 160 U. S. 493, 495, 16 Sup. Ct. 371, 40 L. Ed. 508.

As to sections 3490, 3491, 3492, 3493, and 3494 of the Revised Statutes [U. S. Comp. St. 1901, pp. 2328, 2329], the plaintiff in error says that, where the Legislature creates a right and prescribes the remedy, the remedy thus prescribed is exclusive. This, as a general proposition of law, is correct. The right in this case, however, was not created by Congress, but existed at common law; and it is plain that whatever remedies are afforded to the United States by the provisions of the Revised Statutes which the plaintiff in error cites are cumulative, so that it is at the option of the United States which to elect. These sections and section 5438 [page 3674] originated in the act of March 2, 1863, c. 67, 12 Stat. 696. Section 5438 was the first section of that act. As there framed, it was limited to persons in the land and naval forces, or in the militia in actual service. The penalties imposed in other portions of that act were limited to persons other than those specified in the first section. In the revision the sections of the original act were disconnected, and the first was amended to reach everybody.

The reasons why these changes were made were not stated by the commissioners in the draft revision of 1872, explained by us in King's Case, 64 Fed. 331, 12 C. C. A. 145; but, however this may be, it is clear that the remedy given by section 3490, and sequence, is strictly penal, and not only so, but qui tam, and therefore under no rule of interpretation can it be regarded as superseding the prior right of the United States to proceed at common law. There is nothing in any case cited by the plaintiff in error which affects these propositions, and, if there were, the relations of these statutes to each other are so clear that we could not be influenced thereby.

The remaining error assigned is that the court refused to instruct the jury that, as the ground on which the plaintiff below claimed to recover in this action involved the commission of a crime on the part of the defendant below, the United States were required to prove their allegations beyond a reasonable doubt. This was as practiced in Maine until the decision in Knowles v. Scribner, 57 Me. 496. At that time the Supreme Judicial Court entirely abrogated the rule formerly acted on, and substituted the ordinary rule in civil suits. Knowles v. Scribner has always since been adhered to, and broadly applied, as was fully explained in Campbell v. Burns, 94 Me. 127, 137, 46 Atl. 812. The District Court, as required by the statutes of the United States, correctly followed the existing local rule, the same being now fully established.

The judgment of the District Court is affirmed, with interest and without costs.