476

UNITED STATES ex rel. RODRIGUEZ et
al. v. WEEKLY PUBLICATIONS,
Inc., et al.

District Court, S. D. New York.
March 14, 1944.

James B. M. McNally, U. S. Atty., of New York City (Laurence H. Axman, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Morris D. Forkosch, of New York City, for relator.

BRIGHT, District Judge.

Plaintiff moves to strike out a notice of appearance filed herein by the United States Attorney for this District. The action was commenced by the filing of a complaint on November 18, 1943, under the so-called "Informers' Statute", 31 U.S.C.A. §§ 231–235; Revised Statutes, §§ 3490–3494. As the statute then existed, such a suit could be brought and carried on by "any person, as well for himself as for the United States, at his sole cost and charge, shall be in the name of the United States, but shall not be withdrawn or discontinued without the consent of a judge of the court and the District Attorney". It was made the duty of the several District Attorneys of the United States to be diligent in inquiring into any violations by persons liable to such suit and to cause them to be proceeded against. The person bringing the suit and prosecuting it to final judgment was entitled to receive one-half of the recovery; the other half to belong to and be paid over to the United States.

After the commencement of this action, and on December 23, 1943, by Public Law 213, 78th Congress, Section 232 was amended to provide, among other things, that in actions thereafter brought, notice of pendency with a copy of the complaint should be served upon the United States Attorney for the district in which the suit was brought, and upon the Attorney General, and made provision for the appearance by the United States and its sole conduct of the suit if it so desired. As to suits brought before or after the amendment, the court shall have no jurisdiction to proceed whenever it shall be made to appear that such suit was based upon evidence or information in the possession of the United States, or any agency, officer or employee thereof, at the time the suit was brought; with a proviso not now important. By subdivision (D) of the amendment, the court was required to stay any suit pending at the effective date of the amendment, to give notice to the Attorney General, who would have sixty days to appear and carry on the suit. The amount to be awarded to any person bringing the suit, out of the proceeds thereof was materially reduced. Section 234 was repealed.

Judge Caffey, when notified of the amendment, made an order on January 17, 1944, staying all further proceedings until the further order of the court. On

March 4, 1944, the United States Attorney for this District, duly filed his notice of appearance pursuant to the amendment. This motion to strike followed, and plaintiff contends that the amendment is unconstitutional insofar as this relator and his suit are concerned, in that it deprives the relator of vested rights under a statute in force when the suit was instituted.

I can see no merit in the motion for the reasons:

■ 1. The amendment is not unconstitutional. Plaintiff's cause of action was created by Congress—"Such suit *may* be brought and carried on by any person, as well for himself and for the United States". Plaintiff had no interest or right in the action apart from the statute. United States ex rel. Marcus v. Hess, 317 U.S. 537–541, 542, 63 S.Ct. 379, 87 L.Ed. 443. Prior to its enactment, the United States had the right to sue. Francis v. United States, 5 Wall. 338, 18 L.Ed. 603; Pooler v. United States, 1 Cir., 127 F. 519. And if it did, it would be to the exclusion of the plaintiff. The action being such a creation, Congress might at any time revoke its terms, or modify it in any way, certainly at least before benefits had been derived by plaintiff from the completed exercise or acceptance of the statutory privilege. United States ex rel. Marcus v. Hess, supra, 317 U.S. at page 546, 63 S.Ct. at page 385, 87 L.Ed. 443; Cummings v. Deutsche Bank, 300 U.S. 115, 122–124, 57 S.Ct. 359, 81 L.Ed. 545; White v. United States, D.C., 299 F. 855–859, affirmed 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530; MacMullen v. City of Middletown, 187 N.Y. 37, 79 N.E. 863, 11 L.R.A.,N.S., 391. At this stage of the case, plaintiff's rights are quite inchoate, at least insofar as any recovery is concerned, and there would seem to be no vesting of any right in a recovery until after one had been had under Section 234, now repealed, and under Section 232, subdivision (E) as amended, of the repealer. United States v. Morris, 10 Wheat. 246, 6 L.Ed. 314; In re Confiscation Cases, 7 Wall. 454, 19 L. Ed. 196; Brown v. United States, C.C., 4 Fed.Cas.No.2,032; United States v. Twenty-Five Thousand Segars, C.C., 28 Fed. Cas.No.16,565. The so-called right may be withdrawn during the pendency of suit and prior to final decree. McLane v. United States, 6 Pet. 404, 8 L.Ed. 443; United States v. Twenty-Five Thousand Gallons of Distilled Spirits, C.C., 28 Fed.Cas.No. 16,564.

■ The withdrawal of jurisdiction by subdivision (C) of Section 232 (3491) where it is made to appear that the so-called "informer" has not informed, likewise does not offend against the Constitution. The jurisdiction of District Courts may be created, limited or denied by Congress under Article 3, Section 2 of the Constitution. Norris v. Crocker, 13 How. 429–439, 14 L.Ed. 210; United States v. Chambers, 291 U.S. 217–223, 54 S.Ct. 434, 78 L. Ed. 763, 89 A.L.R. 1510. In fact, this limitation by Congress no more than adopts a suggestion made in the United States ex rel. Marcus v. Hess case, both in the prevailing opinion at page 546 of 317 U.S., 63 S.Ct. at page 385, 87 L.Ed. 443, and in the dissenting opinion at pages 558–561, of 317 U.S., 63 S.Ct. at pages 391, 392, 87 L.Ed. 443. In so limiting, Congress clearly acted well within its constitutional rights. United States v. Haynes, D.C., 29 F. 691–696; Ætna Life Ins. Co. v. Haworth, 300 U.S. 227–240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; People v. Bruce, 9 Cir., 129 F.2d 421–423, 147 A.L.R. 782, certiorari denied 317 U.S. 678, 63 S.Ct. 157, 87 L. Ed. 544; Edwin Cigar Co. v. Higgins, D. C., 17 F.Supp. 988–990; Seligman's, Inc., v. United States, D.C., 30 F.Supp. 895–900.

■ 2. The grant of permission to the Attorney General to appear and take over the conduct of the litigation would seem to me to be implicit even in the statute as it stood prior to amendment in December. The United States certainly had a substantial stake in any recovery as well as in the conduct of the litigation. Such an action having been commenced, it could not be discontinued or withdrawn without its consent. And the reasons stated by Mr. Justice Jackson at page 561 of 317 U.S., 63 S.Ct. at page 392, 87 L.Ed. 443, in his dissenting opinion in United States ex rel. Marcus v. Hess, add additional weight to the proposition that this court would not hesitate to permit intervention if applied for by him. The declaration of that right in the amending statute, therefore, in my opinion, added no additional burden to plaintiff, other than perhaps it takes out of his hands the right to control the litigation. He has not been entirely eliminated. He has been benefited by the assistance of a powerful agency to help assure a successful conclusion if there is merit in the

cause of action. That his possible recovery has been cut down does not, under the cases cited, interfere with or abrogate a vested right. There is no such right now existing; it is but a hope and may never ripen into fruition.

The stay mentioned is vacated and the plaintiff's motion is denied.