## HILLGROVE v. WRIGHT AERONAUTICAL CORPORATION et al.

### No. 9841.

Circuit Court of Appeals, Sixth Circuit.

Jan. 29, 1945.

Sol Goodman, of Cincinnati, Ohio (Sol Goodman and Hyman B. Rosen, both of Cincinnati, Ohio, on the brief), for appellant.

Joseph M. Friedman, of Washington, D. C. (Francis M. Shea, Joseph M. Friedman, Jess G. Schiffmann, and Robert Mandel, all of Washington, D. C., on the brief), for the United States.

H. J. Siebenthaler, of Cincinnati, Ohio, for Wright Aeronautical Corporation.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

On July 10, 1943, the United States commenced a civil action against the Wright Aeronautical Corporation, a New York corporation, and a number of its executives, under Title 31 U.S.C. §§ 231 to 235, 31 U.S.C.A. §§ 231–235, charging the commission of certain fraudulent practices in the presentation of claims to the Government for airplane engines manufactured for the Government at the Lockland, Ohio, plant of the corporation. This action is still pending.

The present action was filed by the appellant in the same court on March 18, 1944, naming as defendants the New York corporation and the Ohio corporation of the same name, alleged to be wholly owned by the New York corporation. The Government moved to dismiss the case upon the ground that its own action in the same cause against the same defendants, dealing with the same subject matter, was still, pending. This motion was allowed by the District Court. Since the time for an appeal had not expired, the Government within the sixty-day period provided for by Title 31 U.S.C. § 232(C), 31 U.S.C.A. § 232 (C), filed an entry of appearance without prejudice to its previous motion to dismiss.

The only substantial question presented is whether the District Court erred in dismissing the second action. If the two petitions were in substance the same, clearly the dismissal was proper. Francis v. United States, 5 Wall. 338, 18 L.Ed. 603. Appellant claims his cause of action is new and distinct.

Appellant's petition alleges that from February 18th to March 18th, 1944, a period subsequent to the filing of the Government's case, appellees have knowingly used in the manufacture of airplane engines for the United States defective piston rings, resulting in defective engines and in additional cost of rebuilding, etc. In other respects the two pleadings are substantially the same. The charges as to the making of fraudulent claims against the Government are in the main identical, that is, appellant has transferred them verbatim from the Government's petition.

Appellant does not allege that these transactions from February 18th to March 18th, 1944, resulted in fraudulent claims or that any misrepresentations were made. But § 231, Title 31 U.S.C., 31 U.S.C.A. § 231, penalizes the performance of acts prohibited by § 80 of Title 18, and under these sections the gist of the action for the purpose of this case lies in knowingly making or presenting false claims to the United States or in knowingly concealing or falsifying material facts or making false or fraudulent statements or representations for the purpose of obtaining approval or payment of such claims by the Government. These sections do not authorize an action for recovery because of wilful making of defective war material. Such acts are penalized under § 103, Title 50 U.S.C., 50 U.S.C.A. § 103. Title 18, § 80, and Title 31, § 231, are violated through a false claim made for war material of the highest type both in material and construction sold to the United States, as well as for de-

fective war material similarly sold. Appellant's allegation that defective engines had been constructed by using defective piston rings is merely an allegation of evidence as to circumstances out of which a false claim or representation covered by the false claims statute might arise. But such a cause of action is not stated unless the facts constituting the false claim or fraud are set forth.

Appellant's petition states no cause of action under the statute other than that already set forth in the Government's petition. If the new acts charged by appellant have given rise to false and fraudulent claims they may properly be set forth in the Government's case by supplemental petition. Rule 15(d), Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The District Court did not err in dismissing the petition, and the judgment is affirmed.